THOMAS, Justice.
The appellant was convicted of breaking and entering the house of another with intent to assault the occupant.'
He insists that his motion to quash the information should have been granted because no violation of Section 810.05, Florida Statutes 1951, and F.S.A., was charged. The relevant part of that law simply provides that anyone who “breaks and enters * * * with intent to commit a misdemeanor, shall be punished * * * The gist of the crime is the intent entertained by the wrongdoer at the time of breaking and entering. There are many misdemeanors which one breaking and entering could not have in mind for the simple reason that from their nature they could not be perpetrated within the place broken, but assault and battery is not one of them.
It is the appellant’s thought that the legislature meant to denounce only a crime against property and that, therefore, a person could not be convicted under the act unless at the time of breaking and entering he purposed to commit larceny. Certainly, had the law-making body intended the statute to cover this narrow field it would have accomplished the purpose by substituting “petit larceny” for “misdemeanor”.
We think one may, under the law, be found guilty of breaking and entering a building with intent to commit an offense against the person as well as against property ; that if he harbors an intent to assault and'batter he is as amenable as if he intend-;d to steal.
Affirmed.
HOBSON, C. J., and ROBERTS and DREW, JJ., concur.