276 So.2d 842 (1973)
Randolph L. GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 72-285.
District Court of Appeal of Florida, Fourth District.
April 27, 1973.
Rehearing Denied May 21, 1973.
*843 Charles W. Musgrove, Public Defender, and Robert W. Horrell, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant appeals a conviction of entering without breaking with intent to commit a felony. We reverse due to the insufficiency of the evidence.
At 4:00 a.m. defendant was discovered by the police hidden in a cupboard of a doctor's office. The evidence indicated that defendant was hallucinating at the time. Defendant was charged with breaking and entering with intent to commit a felony, unlawful possession of narcotic drugs. The doctor and his nurse found no drugs missing.
Defendant's first and second points on appeal have no merit. The third point,
Whether the evidence is utterly insufficient to support the verdict and judgment, the state having failed to prove beyond a reasonable doubt a felonious intent?
merits reversal.
It was the state's burden to prove beyond a reasonable doubt that defendant at the time he entered had the intent to commit a felony. Simpson v. State, Fla. 1921, 81 Fla. 292, 87 So. 920. Consummation of the intent is unnecessary. The requisite intent may be proved by either circumstantial or direct evidence, but where, as here, circumstantial evidence is used, the facts must exclude every other reasonable hypothesis. Mere proof of breaking and entering does not warrant an inference that the accused intended to commit a felony. See Simpson v. State, supra.
In McNair v. State, Fla. 1911, 61 Fla. 35, 55 So. 401, defendant was charged with breaking and entering with intent to commit a misdemeanor, larceny. He was discovered late at night, apparently sleeping, in a room containing only furniture. After remarking that intent was the gist of the offense, the court examined the evidence, finding no evidence which tended to prove the charge against the defendant except his presence in the house; that was deemed insufficient proof of intent. Indications were that the defendant entered the house in a drunken stupor and was only looking for a place to sleep; there was clearly no entry with intent to steal.
Here defendant was found inside the building. He was apparently under the influence of drugs at the time he entered the building. Other reasonable hypotheses here are that defendant entered with intent to steal money, or medical records, or to steal non-narcotic drugs or to steal narcotic drugs, rather than to "possess" them.
We reverse and remand for a new trial.
Reversed and remanded.
OWEN, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent for the reason that there were sufficient circumstances from which a jury could have reasonably concluded that the defendant's entering was for the purpose of securing narcotic drugs. As the majority opinion points out the defendant was apparently under the influence of drugs at the time he entered the doctor's office; furthermore, the record *844 reflected that the doctor kept narcotics in his office. In my opinion the evidence presented by the state was consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Cf. Rhoden v. State, Fla.App. 1969, 227 So.2d 349.