OWEN, Judge
(dissenting).
Appellant, charged with breaking and entering a dwelling with intent to commit a misdemeanor, was convicted of attempted breaking and entering with intent to commit a misdemeanor. In my judgment appellant is entitled to a new trial.
Over appellant’s objection the court refused to instruct the jury to the effect that at the time of the entry the defendant had to have a fully formed, conscious intent to commit a misdemeanor. Instead, and apparently because the information charged only that the breaking and entering was with intent to commit a misdemeanor (without otherwise specifying a particular misdemeanor), the court charged the jury as follows:
“If the evidence establishes that the defendant did enter the dwelling house of *95 Shirley Scott at any time, stealthily and without the consent of the owner or occupant, you may, and unless there are inconsistent facts or circumstances, you should infer the entry was with the intent to commit a misdemeanor.”
Appellant complains, and I think correctly so, that the quoted instruction fails to adequately cure the omission. It is an instruction in aid of proof and simply informs the jury that it may (and under some sets of facts should) infer that the entry was with the intent to commit a misdemeanor. The instruction does not inform the jury that in order to convict of the particular offense it must find that defendant had a fully formed conscious intent to commit a misdemeanor at the time of entry. The very gist of the crime is the intent entertained by the wrongdoer at the time of the breaking and entering. Vawter v. State, 63 So.2d 255 (Fla.1953). If the jury does not know this, telling it that it may or should infer intent from certain facts or circumstances leaves the jury free to assume that whether it draws such inference or not is of no significance. Giving the so-called “presumption charge” was perfectly proper, but it simply failed to cure the omission of an essential element of the offense.
Appellee contends that any error in this respect was rendered moot inasmuch as appellant was found guilty of the lesser included offense of attempted breaking and entering with intent to commit a misdemeanor upon which the court correctly instructed the jury. While it is true that the court instructed the jury that an attempt to commit a crime consists of the formation of an intention to commit that particular crime at that particular time and place, and the doing of some physical act toward and which was intended to accomplish the commission of the crime, this instruction did not cure the defect. The jury must first know the elements of the crime before it can determine that there was an intention to commit the crime.
Appellee also contends that since the information did not specify the particular misdemeanor appellant intended to commit at the time he unlawfully broke and entered into the residence, the matter of intent at the time of breaking and entering becomes totally inapplicable. That argument is patently without merit.