326 So.2d 196 (1976)
Johnny Ray DOWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1526.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
*197 William M. Cobb of Sullivan & Cobb, Vero Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was charged with and convicted of breaking and entering a dwelling house with intent to commit a misdemeanor, to wit: assault and battery.
When read from the cold record, the State's evidence as to identification of appellant as the culprit can only be described as incredible. Nonetheless, if believed by the jury (as it obviously was) it was legally sufficient to establish the identity of appellant as the culprit, and thus there was no error in denying the motion for judgment of acquittal on this ground. Neither was there error, as raised by appellant's second point, in refusing to instruct the jury on the penalties for the various crimes for which appellant could have been convicted under the Information. Johnson v. State, 308 So.2d 38 (Fla. 1975).
There is not, however, even a shred of evidence from which the jury could lawfully infer that at the time of the breaking and entering appellant had a fully formed, conscious intent to commit the misdemeanor of assault and battery, or for that matter, the intent to commit any misdemeanor. The intent charged in the Information is an essential element of the offense, Vawler v. State, 63 So.2d 255 (Fla. 1953); Jenkins v. State, 58 Fla. 62, 50 So. 582 (1909); Cole v. State, 276 So.2d 100 (Fla.App. 2nd, 1973), and the State's failure to prove such element is fatal. Simpson v. State, 81 Fla. 292, 87 So. 920 (1921). The State's evidence of intent was wholly circumstantial and, far from excluding every reasonable hypothesis of lack of intent to commit assault and battery, was actually quite consistent with the very reasonable hypothesis that the alleged intruder was there as the result of a tryst. No useful purpose would be served by detailing this evidence.
The jury was instructed that it could find appellant guilty of trespass as a lesser included offense, and this is the highest offense of which the evidence in this case is legally sufficient to sustain a conviction. The judgment and sentence are severally reversed and this cause remanded with directions to enter a judgment finding him guilty of trespass and to sentence appellant accordingly.
Reversed and remanded.
WALDEN, C.J., and CROSS, J., concur.