DOWNEY, Judge.
At issue in this case is the adequacy of the information charging appellant with burglary.
The State filed an information against appellant which alleged:
DAVID H. BLUDWORTH State’s Attorney of the Fifteenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Palm Beach, under oath • information makes that WALTEEN LEE in the County of Palm Beach and State of Florida, on the 22nd day of APRIL in the year of our Lord, one thousand nine hundred and SEVENTY-EIGHT in the County and State aforesaid, unlawfully did then and there enter or remain in a structure, to-wit: a dwelling, the property of GERTRUDE WATERS, with intent to commit an offense therein, contrary to Florida Statutes 810.02(1)(3) and 810.07 .
On the day prior to trial appellant moved to dismiss the information on the grounds that the information did not set forth an essential element of burglary, namely, the nature of the offense appellant intended to commit when he entered or remained in the structure in question. On the day of trial the court denied appellant’s motion, the case proceeded to trial, and a jury found appellant guilty as charged in the information. The sole question raised on appeal is the propriety of the order denying appellant’s motion to dismiss the information.
The gravamen of the offense of burglary is the nonconsensual entry of a structure or conveyance with the intent to commit an offense therein. Section 810.-01(1), Florida Statutes (1977); Dowis v. State, 326 So.2d 197 (Fla.4th DCA 1976). Furthermore, the intent required by statute is an essential element to be charged in the information. Dowis v. State, supra. Unquestionably this is the general rule in most jurisdictions. 13 Am.Jur.2d, Burglary § 36. We hold that an information purporting to charge the crime of burglary without alleging the entry was made with intent to commit a specific offense is subject to a motion to dismiss. This is so because burglary is the entering (or remaining inside) a structure without permission and with intent to commit a specific crime. The charging document must allege the intent with which the defendant entered in order to properly charge the crime of burglary.
*1151 The State contends that the information in question meets the foregoing requirements because of the reference therein to several statutory sections, 810.02(1), (3) and 810.07. In its brief the State says, “Reading the charge in conjunction with the statute, it is clear that appellant was accused of entering Mrs. Waters’ dwelling with intent to commit a burglary.” However, that argument is clearly untenable. One of the essential elements of the charge of burglary is the defendant’s intent to commit a specific offense after an unlawful entry. For an information to charge that a defendant unlawfully entered a structure with intent to commit burglary is tantamount to the information’s charging that the defendant committed a burglary with intent to commit burglary.
Subsection 810.02(3) of the burglary statute specifies the penalties for burglary under certain conditions. Section 810.07 has to do with proof of intent:
“In a trial of the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.”
Thus, it is apparent that neither of the statutory sections referred to in the information in this case remotely fills the pleading void created by the failure to allege the offense intended to be committed upon entry.
Since the allegations of the information are insufficient to charge the crime of burglary, we have scrutinized the record to determine whether the appellant was apprised of the specific intent which the State intended to prove so that no prejudice would attach to the deficient information. However, we are unable to conclude that appellant was not prejudiced by this oversight.
Accordingly, the judgment and sentence is reversed and the cause is remanded with directions to dismiss the information with leave to amend if the State be so advised.
REVERSED AND REMANDED with directions.
BERANEK and HERSEY, JJ., concur.