390 So.2d 128 (1980)
STATE of Florida, Appellant,
v.
Robert L. FIELDS, Jr., Appellee.
No. 80-375.
District Court of Appeal of Florida, Fourth District.
November 12, 1980.
*129 Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
HURLEY, Judge.
The state appeals from a trial court's order arresting judgment on defendant's conviction for violation of Section 810.02(1), (3), Florida Statutes (1979). A jury found the defendant guilty of burglary. Though he had not filed a motion to dismiss, defendant moved for arrest of judgment on the ground that the amended information was fatally defective. The trial court granted the motion, finding that the amended information "did not allege the crime of Burglary, even though the language of Florida Statute 810.02 was tracked, for the reason that the amended information did not specify what specific offense the defendant intended to commit... ."[1] We reverse.
Defendant was initially charged with burglary in the following information:
BARRY KRISCHER, Assistant State's Attorney of the Fifteenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Palm Beach, under oath information makes that ROBERT LEE FIELDS, JR. in the County of Palm Beach and State of Florida, on the 8th day of AUGUST in the year of our Lord, one thousand nine hundred and SEVENTY NINE in the County and State aforesaid, unlawfully did then and there enter or remain in a *130 structure, the property of SIDNEY EDELMAN, with intent then and there to commit an offense therein, to-wit: Theft, by then and there knowingly obtaining or using or endeavoring to obtain or use the property of another, contrary to Florida Statute 810.02(1)(3).
Later, the information was amended as follows:
SANDRA M. KABBOUSH, Assistant State's Attorney of the Fifteenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Palm Beach, under oath information makes that ROBERT LEE FIELDS, JR. in the County of Palm Beach and State of Florida, on the 8th day of AUGUST in the year of our Lord, one thousand nine hundred and SEVENTY NINE in the County and State aforesaid, unlawfully did then and there enter or remain in a structure, the property of SIDNEY EDELMAN, doing business as SELBY OF WEST PALM BEACH with intent then and there to commit an offense therein, contrary to Florida Statute 810.02(1)(3).
As can be seen, the original information listed "theft" as the crime intended to be committed within the structure, while the amended information omitted the specific offense and merely stated that the defendant had an "intent then and there to commit an offense therein." Thus framed, the question is whether such omission, absent a motion to dismiss, is sufficient to justify an order arresting judgment. We think not.
Our analysis begins with the proposition that there is a significant distinction between an indictment or information which completely omits an essential element of an offense and one which imprecisely or incompletely alleges an essential element of a crime. In the former situation, the total omission is fatal. State v. Dye, 346 So.2d 538, 541 (Fla. 1977). In the latter category, however, an imperfect allegation, unless timely challenged by a motion to dismiss, shall be deemed to have been waived. Rule 3.190(c), Fla.R.Crim.P.
In the case at bar, the amended information states an essential element, but without requisite clarity. The intent to commit a crime within the structure has long been recognized as the "gist of the offense." Charles v. State, 36 Fla. 691, 18 So. 369 (1895); Vawter v. State, 63 So.2d 255 (Fla. 1953); Cole v. State, 276 So.2d 100 (Fla.2d DCA 1973). Yet, since at least 1876, it has also been held that:
Where the definition of an offense, whether it be at common law or by statute, "includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species; it must descend to particulars."
United States v. Cruikshank, 92 U.S. 542, 558, 2 Otto 542, 23 L.Ed. 588 (1876). This rule was generally adopted in Florida in Mills v. State, 58 Fla. 74, 51 So. 278 (1910) and in Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143 (1945). It was specifically applied to the crime of burglary in Charles v. State, supra, where the court held that:
The intent cannot, however, be laid in mere general words. It is not sufficient to say that the defendant broke and entered with intent to commit a misdemeanor, but the kind of misdemeanor must be specified. 18 So. at 370.
Recently we applied the above rule in Lee v. State, 385 So.2d 1149, 1150 (Fla. 4th DCA 1980), and held that "an information purporting to charge the crime of burglary without alleging the entry was made with intent to commit a specific offense is subject to a motion to dismiss." Given this opportunity to revisit Lee, we continue to believe that it correctly states the law insofar as it goes. However, it does not address Section 810.07, Florida Statutes (1979), wherein the Legislature said that proof of stealthful entry without consent of the owner or occupant "shall be prima facie evidence of entering with intent to commit an offense." By this provision, the Legislature created an alternative method for establishing the element of intent to commit a crime within the structure. Of importance is the fact that it does not require *131 proof of intent to commit a specific offense. Cf. Peters v. State, 76 So.2d 147 (Fla. 1954); Bayless v. United States, 381 F.2d 67 (9th Cir.1967); State v. Murie, 140 Wash. 71, 248 P. 79 (1926). Therefore, in order to comply with the "general to particular" rule of pleading and yet give force and effect to Section 810.07, we hold that in alleging the crime of burglary, the state must either list the specific crime intended to be committed within the structure, or, alternatively, allege that an offense was intended to be committed therein in that the entry was gained stealthily and without consent of the owner or occupant. By either mode of pleading, the defendant would be sufficiently notified in the accusatory pleading of the crime brought by the state to which he must respond.
Returning to the case at bar, it is apparent that an essential element of the crime of burglary was defectively pled. Furthermore, it is undisputed that the defendant failed to timely challenge the information by a motion to dismiss pursuant to Rule 3.190(b), Fla.R.Crim.P. Consequently, at this stage in the proceedings, we employ a lesser degree of scrutiny than would have been applied at a pre-trial motion to dismiss. An information is to be judged post-trial by a different and more liberal standard. Fountain v. State, 92 Fla. 262, 109 So. 463 (1926). The proper approach at this juncture of the proceedings was formulated by the court in State v. Cadieu, 353 So.2d 150 (Fla. 1st DCA 1978). There, dealing with a similar pleading defect, the court held:
The information is cast in the statutory language. Though it is imperfect because it does not descend from statutory generalities to essential particulars, the information is not so defective that it "will not support a judgment of conviction" and is vulnerable to initial post-trial attack. When confronted with an information that is defective only in failing to charge particulars within a generic statutory description of proscribed conduct, the accused must either challenge the information by motion, thus providing opportunity for a new and curative information, or be satisfied with resolving his doubts by discovery and a motion for statement of particulars. The law does not favor a strategy of withholding attack on the information until the defendant is in jeopardy, then moving to bar the prosecution entirely. 353 So.2d at 151.
The defendant in this case has not contended that the amended information was so vague, indistinct or indefinite as to mislead or embarrass him in the preparation of his defense, or to expose him to a new prosecution for the same offense. Indeed, from the day on which the probable cause affidavit was filed, through the first information which specified the intended crime as theft, and on through the discovery process wherein the defendant was apprised that the state's evidence consisted of "stolen property" obtained from the defendant, the defense was aware that the state aimed to prove an unlawful entry accompanied by an intent to commit larceny. This explains the absence of a motion to dismiss; the charge was understood and the defense was ready.
In view of our finding that the allegation was imperfect but not fatally defective, we hold that the pleading error was waived pursuant to Rule 3.190(c), Fla.R.Crim.P. State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973). We acknowledge that there is a substantial and respectable body of case law to the contrary. See, e.g., United States v. Thomas, 444 F.2d 919 (D.C. Cir.1971); Adkins v. State, 389 P.2d 915 (Alaska 1964); State v. Sanders, 280 Or. 685, 572 P.2d 1307 (1977); State v. Green, 44 Or. App. 253, 605 P.2d 746 (1980). Nonetheless, we adhere to our decision. We believe it achieves substantial justice and is consistent with the modern trend of individually evaluating pleading imperfections. See, e.g., Lackos v. State, 339 So.2d 217 (Fla. 1976); Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977), cert. denied, 365 So.2d 709 (Fla. 1978); Gaynor v. State, 196 So.2d 19 (Fla. 4th DCA), cert. denied, 201 So.2d 894 (Fla. 1967).
*132 With such major reforms in the criminal justice system as guaranteed reciprocal discovery and near universal representation by counsel, it is anachronistic to tag every pleading error as fundamental or fatal. Only in those instances of total omission of an essential element of a crime, State v. Dye, supra, or where the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, should a defect be termed "fatal". See Rule 3.140(o), Fla.R.Crim.P.
We glean further support for our holding from the fact that the Legislature, in redefining the crime of burglary, has minimized the importance of the specific crime which motivates the breaking and entering. For example, at common law, burglary required proof of an intent to commit a felony. Perkins, Criminal Law, p. 149. As the Legislature began the process of redefinition, however, it differentiated between breaking and entering with intent to commit a felony and with intent to commit a misdemeanor. Cf. Sections 810.01 and 810.05, Florida Statutes (1973). The gradation of the crime, and thus the punishment, turned on the element of intent. Subsequently, in what can only be construed as a conscious decision to refocus on the safety of property and of the people therein, the Legislature abandoned these distinctions and said that proof of an intent to commit any offense would suffice. Section 810.02, Florida Statutes (1979). As indicated earlier, Section 810.07, Florida Statutes (1979), is fully consistent with this approach for it provides a method of establishing the essential element of intent to commit a crime within the structure without reference to a specific offense.
To summarize then, we hold that the pleading was defective but not fatally so. Consequently, the trial court erred in granting the motion for arrest of judgment pursuant to Rule 3.610(a)(1), Fla.R.Crim.P., and in adjudicating the defendant guilty of a lesser offense. Therefore, the order arresting judgment is REVERSED and the cause is REMANDED to the trial court with instructions to VACATE defendant's conviction for trespass, reinstate the jury's verdict and conduct further sentencing proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] The trial court further ruled "that the amended information charged merely the crime of Trespass, and the evidence at trial having been sufficient to prove Trespass, the defendant is hereby adjudged guilty of Trespass."