392 So.2d 1012 (1981)
Mitchell Alan KANE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-5.
District Court of Appeal of Florida, Fifth District.
January 28, 1981.
Richard L. Jorandby, Public Defender, and James K. Green of Brown & Green, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was convicted of the lesser included offense of trespass of an occupied structure after a jury trial on a charge of burglary of a structure.[1] He appeals, contending that the trial court had no jurisdiction to try him because of an insufficient information. We affirm.
The information filed against appellant alleged that he:
did, in violation of Florida Statute 810.01(3), enter or remain in a certain structure, to-wit: a dwelling,... the property of Pamela Ann Gee or Stephanie Lee Trippleton, as owner(s) or custodian(s) thereof, with the intent to commit an offense therein. (emphasis ours).
Since criminal intent is an essential element of the crime of burglary, it is necessary to allege such intent. The rule is *1013 well established, however, that it is not sufficient to aver generally an intent to commit "an offense"; rather, the particular offense must be specified. Charles v. State, 36 Fla. 691, 18 So. 369 (1895); 13 Am.Jur.2d, Burglary, § 36, p. 341.
In charging an entering with intent to commit an offense, the intent cannot be laid in mere general words, that is, it is not sufficient to say that the defendant entered with intent to commit an offense. The kind of offense must be specified, although the specification need not be as minute as would be necessary in an indictment for the commission of that offense.
16 Fla.Jur.2d, Crim.Law, § 1338 (1979). Therefore, the information against appellant is clearly deficient, and should have been dismissed upon motion.
Appellant, however, did not object to the information in the court below. Thus, any objection to the information is waived, unless the defect is fundamental. Rule 3.190(c), Fla.R.Crim.P.; Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974), cert. denied 314 So.2d 585 (1975); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971).
Although there is no disagreement among courts of other jurisdictions as to the need to specify the offense in order to properly charge intent, there is disagreement on the effect of a deficient charge. Some courts hold that the deficiency is fundamental, creating a jurisdictional void,[2] even in the absence of a motion to dismiss the information or to otherwise object to it. Others hold that the omission to specify the particular offense intended to be committed is a defect in form and is not fundamental.[3]
We choose to follow the latter view and agree with the decision of our sister court in State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980), where, in a similar situation involving the same statute, Judge Hurley, speaking for the court pointed out that
there is a significant distinction between an indictment or information which completely omits an essential element of an offense and one which imprecisely or incompletely alleges an essential element of a crime. In the former situation, the total omission is fatal. State v. Dye, 346 So.2d 538, 541 (Fla. 1977). In the latter category, however, an imperfect allegation, unless timely challenged by a motion to dismiss, shall be deemed to have been waived. Rule 3.190(c), Fla.R.Crim.P.
As did the court in Fields, we agree that the information was defective, but not fatally so. The judgment of conviction is therefore
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] § 810.02(1), Fla. Stat. (1979):

"Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
[2] See, e.g., U.S. v. Thomas, 444 F.2d 919 (D.C. Cir.1971).
[3] See, e.g., State v. Lora, 213 Kan. 184, 515 P.2d 1086, 1090 (1973).