401 So.2d 1131 (1981)
Nathaniel WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-540.
District Court of Appeal of Florida, Fourth District.
July 15, 1981.
Richard L. Jorandby, Public Defender, and Allen DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
Nathaniel Waters was convicted of attempted burglary by the attempted unlawful entry of a dwelling with intent to commit theft therein. On appeal he claims that the state failed to prove the requisite element of intent to commit theft.
Waters contends that the state not only failed to prove that he had any specific intent to commit theft but that the circumstantial evidence that was presented on the *1132 issue failed to exclude other reasonable hypotheses. At the non-jury trial there was direct evidence that Mr. Waters unlawfully and unsuccessfully attempted to gain entrance to John Rush's apartment by attempting to break the door lock with a pair of pliers while Rush was absent. There was no direct evidence as to what Mr. Waters intended to do once inside the apartment.
Section 810.02(1), Florida Statutes (1979) defines burglary as an unauthorized entry into a structure or conveyance with the intent to commit an offense therein. Under this definition it makes no difference whether the offender intended to commit a felony or a misdemeanor, as long as it is shown that he intended to commit some crime. In addition, the punishment for burglary is not directly related to the offense that the offender intended to commit. Rather, burglary is punishable as a felony of the first, second or third degree, depending on the circumstances attending the burglary.[1]
Notwithstanding the fact that the specific offense intended to be committed is of little consequence to the penalties involved, this court has recently held that an information is defective if it fails to set out the specific offense. Lee v. State, 385 So.2d 1149 (Fla. 4th DCA 1980). Subsequently, in State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980), we modified that view somewhat by suggesting that the state has the choice of alleging the specific offense or of alleging its reliance upon Section 810.07 of the burglary statute, which provides that an entry made "stealthily and without consent of the owner or occupant" creates a rebuttable presumption that the entry was made with the intent to commit an offense inside the premises. Absent proof to the contrary, this presumption alone may be sufficient to prove the requisite intent to sustain a charge of burglary.
In this case, however, the state alleged in the information that the appellant intended to commit the specific offense of theft. Having alleged intent to commit a specific offense, it was incumbent upon the state to prove intent to commit a specific offense.[2] This the state failed to do.
Mere proof of a breaking and entering does not warrant an inference that the accused intended to commit a specific offense inside the premises. Griffin v. State, 276 So.2d 842 (Fla. 4th DCA 1973). The Griffin opinion relied heavily upon Simpson v. State, 81 Fla. 292, 87 So. 920 (1921). In Simpson, the defendant, who was found attempting to enter the bedroom of a residence of a woman and her family, was charged and convicted of breaking and entering with intent to commit rape. In reversing, the Supreme Court declared:
The mere breaking and entering a dwelling house is not a fact from which may be inferred that the accused intended to commit rape, or murder, or larceny, or arson, or any other felony which the pleader's fancy may induce him to charge in the indictment. Certain circumstances, unexplained, might tend to prove the intent, such as laying hold of a woman, or running after her in an attempt to do so, to establish intent to commit rape; the possession of a murderous weapon, ready for use, with other circumstances to establish the intent to kill; the possession of highly explosive material, to establish *1133 intent to commit arson; or the unexplained taking or attempting to take personal property, as evidence of intent to commit larceny. Some courts have held that from the mere breaking and entry the intent to commit larceny may be inferred. State v. Worthen, 111 Iowa 267, 82 N.W. 910; Moseley v. State, 92 Miss. 250, 45 So. 833. If such a presumption is warranted, which we do not hold, it is such a presumption as would prevent a conviction of intent to commit any other felony, in the absence of facts rebutting that presumption, and raising the presumption of intent to commit a different offense.
It is a well-settled rule that, in order to convict on circumstantial evidence, the facts must be such as to exclude every reasonable hypothesis except that of the guilt of the accused of the offense charged. In this case the accused was charged with an intent to commit a specific act. Only the breaking and entering, and the presence of a woman and children in the room, were proven. This does not exclude the hypothesis that he intended to commit murder, larceny, arson, or any other felony. (Emphasis supplied)
81 Fla. 297, 298, 87 So. 922.
The state contends that it is obvious from the circumstances of the attempted entry that Waters had some unlawful act in mind once he gained entry to the apartment and that it is probable that Waters intended to commit theft once inside. Although we agree that the circumstances of the attempted entry may give rise to an inference that Waters intended to commit some offense while inside, we cannot agree that such circumstances, standing alone, were sufficient to establish his intent to commit the specific offense of theft.[3] That Mr. Waters intended to commit theft may be one logical inference drawn from the circumstances presented here. However, another logical inference might be that Mr. Waters intended to commit some other offense. Simpson, supra. That being the case, his conviction for attempted burglary with the intent to commit the specific offense of theft cannot stand.
In Dowis v. State, 326 So.2d 196 (Fla. 4th DCA 1976), this court directed that the defendant's burglary conviction be reduced to a conviction for trespass, when the state failed to prove that the defendant's entry was made with the intent to commit the specified misdemeanor of assault and battery. We believe a similar result is warranted here.
Because we remain concerned, as we were in the Lee and Fields decisions, supra, as to the necessity in a burglary prosecution for the state to allege and prove an intent to commit a specific offense and as to the effect of the evidentiary presumption created by Section 810.07, supra, we hereby certify to the Florida Supreme Court the following questions of great public importance:
1. In a prosecution for burglary under Section 810.02, Florida Statutes (1979), is it necessary for the state to allege an intent to commit a specific offense?
2. Is the statutory rebuttable presumption contained in Section 810.07, Florida Statutes (1979) sufficient to prove a prima facie case of intent to commit the specific offense of theft?
Accordingly, the judgment and sentence is reversed and this cause is remanded to the trial court with directions that appellant be adjudicated guilty of and sentenced on the charge of attempted trespass as prohibited by Sections 810.08 and 777.04(1), Florida Statutes (1979).
LETTS, C.J., and STONE, BARRY J., Associate Judge, concur.
NOTES
[1] 810.02 Burglary.

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or 775.084.
[2] Booker v. State, 397 So.2d 910 (Fla. 1981).
[3] Had the state not alleged an intent to commit a specific offense and instead alleged reliance upon Section 810.07 as provided in Fields, supra, the result might be different.