402 So.2d 539 (1981)
Michael Todd ROZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1277.
District Court of Appeal of Florida, Fifth District.
August 19, 1981.
*540 James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Without consent of the owner, appellant entered a dwelling through the window and was apprehended hiding therein. On this single factual event he was tried on a two count information. The first count charged that in violation of section 810.02(3), Florida Statutes, appellant did enter or remain in the dwelling "with the intent to commit an offense therein, to-wit: theft." The second count charged that in violation of the same statute he did enter or remain in said dwelling "stealthily and without the consent of [the owner]." The jury found appellant not guilty as to count 1 and guilty as to count 2. The question presented on this appeal is whether the allegations of count 2 were sufficient to allege a violation of the burglary statute, section 810.02(3), Florida Statutes (1979).
Section 810.02, Florida Statutes (1979), provides in part:
(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
The basic[1] elements of this statutory crime of burglary are (1) entering or remaining (2) in a structure or conveyance (3) with the intent to commit an offense therein.
The gravamen or gist of this offense is the criminal intent entertained by the *541 wrongdoer at the time he commits the prohibited act.[2]
This statute does not require an intent to commit a specific or particular crime. However, the courts have applied Florida's "general to particular" rule of pleading to require the State to specify in the charging document a particular offense and have enforced that rule by holding that a charging document which fails to specify a particular offense is subject to a motion to dismiss. See Charles v. State, 36 Fla. 691, 18 So. 369 (1895); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Lee v. State, 385 So.2d 1149 (Fla. 4th DCA 1980). The result of this is that while the statute does not require an intent to commit any specific or particular crime, the State is required to allege and prove an intent to commit a particular crime. Of course, the accused's specific intent, being a state of mind is rarely, if ever, susceptible of direct proof. As a consequence the defendant can claim an entitlement to an acquittal by merely creating a reasonable doubt as to his subjective intent to commit the crime alleged; this can even be done by defense counsel suggesting in argument that the accused may have intended to commit some offense other than the one alleged. Understandably the State looks for some relief from this difficulty.
Section 810.07, Florida Statutes, enacted in 1975, provides:
Prima facie evidence of intent

In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense. (emphasis added)
In Lee, the burglary information charged the defendant entered or remained in a dwelling "with intent to commit an offense therein contrary to Florida Statutes 810.02(1)(3) and 810.07" and contended that the statutory references were a sufficient substitute for specifying a particular offense. The defendant attacked the sufficiency of the information by a pretrial motion to dismiss. The Fourth District Court of Appeal did not agree with the contention of the State, saying that section 810.07 had to do with proof of intent. In Fields the burglary information failed to specify a particular offense but, unlike in Lee, the defendant did not attack the information by a pretrial motion to dismiss; instead he moved for arrest of judgment after a jury verdict of guilty. The court in Fields held that while the complete omission of an essential element of an offense was fatal, an information containing an incomplete or imprecise allegation of an essential element was subject only to a timely challenge by motion to dismiss; otherwise, the objection as to the defective allegation would be waived. The court went further and said:
we hold that in alleging the crime of burglary, the state must either list the specific crime intended to be committed within the structure, or, alternatively, allege that an offense was intended to be committed therein in that the entry was gained stealthily and without consent of the owner or occupant. By either mode of pleading, the defendant would be sufficiently notified in the accusatory pleading of the crime brought by the state to which he must respond. (emphasis added)
390 So.2d at 131.
In Kane v. State, 392 So.2d 1012 (Fla. 5th DCA 1981), this court followed Fields in holding that a burglary information alleging only that the accused entered or remained in a certain dwelling with the intent to commit an offense therein (without specifying the particular offense) was defective but not fatally so and if the defect was not attacked by timely motion to dismiss it would be considered waived.
The State in this case contends that the charge in count 2 sufficiently alleged *542 intent by alleging the statutory presumption of section 810.07. We do not agree. Section 810.07, Florida Statutes, was apparently an attempt by the legislature to help the State with its evidentiary problem in the trial of burglary cases by establishing a prima facie case as to the accused's intent to commit an offense. This was done by legislating that proof of two other facts that are more susceptible of direct proof, that is, that the entry (1) was stealthily and (2) was without the owner's consent, was sufficient evidence to carry the case to the jury (prima facie evidence) as proof of the accused's intent to commit a crime in the structure. We do not now have to go so far as to agree or disagree with the dicta in Fields stating that allegations in the charging document relating to stealth and lack of consent are a sufficient substitute for allegations of a particular crime intended because the information in Fields specifically alleged an intent to commit an offense and in this case count 2 of the information does not make that allegation. We hold that the "the intent to commit an offense therein" is an essential element of this statutory offense of burglary and that section 810.07 is not sufficient to make "stealthily and without consent of the owner or occupant thereof" an allegational equivalent of that intent element.
We do note with interest that while section 810.07 attempts to make stealth and lack of consent an evidentiary equivalent of proof of an intent to commit an offense in a structure, that statute does not make those two facts prima facie evidence of intent to commit a particular crime, such as theft. As long as the "general to particular" rule is applied to the element of intent in burglary cases, requiring the State to allege and prove the accused's intent to commit a particular crime, the statutory presumption created by section 810.07, Florida Statutes, relating as it does only to a prima facie case as to an intent to commit an offense generally, will be of little or no value to the State because it will be insufficient to carry a burden of proof as to intent to commit a particular crime. In view of the substantial authority cited above which requires the state to allege and prove the specific offense intended in a burglary case, we do not feel we can now hold otherwise. Nor can we extend the words and meaning of section 810.07 to make it applicable to allegations in the charging document as distinguished from proof at trial. The solution to this problem is either for the Florida Supreme Court to rule that the "general to particular" rule is not applicable to the intent element of statutory burglary or for the legislature to amend section 810.07, Florida Statutes, to provide that proof of stealth and lack of consent constitutes prima facie evidence of the intent to commit a particular crime, such as theft.
We hold that an allegation that the accused intended to commit an offense is an essential element of burglary and that the statutory provision relating to prima facie evidence is not an allegational substitute for such element. Since count 2 of the information herein did not contain that essential element, we set aside the judgment and vacate the sentence as to the offense of burglary.
The next question is whether or not the allegations in count 2 of the information herein were sufficient to allege a trespass in a structure or conveyance as a violation of section 810.08(1), Florida Statutes (1979). We hold that the allegation in count 2 of the information "without the consent of [the owner or custodian thereof]" was a sufficient allegational equivalent of the words "without being authorized, licensed, or invited" in section 810.08, Florida Statutes (1979), and that the word "willfully" as used in section 810.08(1), Florida Statutes, refers only to a general intent and does not constitute a separate essential element of trespass under that statute as to require specific allegations different in kind than the usual allegation charging burglary.[3] "Willfully" generally, and as used in *543 this trespass statute, refers to a general intent and merely means that, as in burglary, the entry or remaining be intentionally, knowingly and purposely done. In addition to the specific intent to commit an offense, burglary requires a general intent to enter or remain no different in kind from the willful act involved in the trespass statute. With these two interpretations of the statute, we find that the allegations in count 2 of the information herein are sufficient to allege a violation of section 810.08(1) of the Florida Statutes which is punishable as a second degree misdemeanor under section 810.08(2)(a).[4] Although the jury found the accused not guilty of count 1, that count was sufficient to allege a felony of burglary under section 810.02(1), Florida Statutes arising out of the same circumstances as the misdemeanor of trespass sufficiently alleged in count 2 of the information. Section 26.012(2)(d), Florida Statutes (1979), provides that the exclusive original jurisdiction of circuit courts includes "all felonies and ... all misdemeanors arising out of the same circumstances as a felony which is also charged." The second degree misdemeanor trespass alleged in count 2 arose out of the same circumstances as the felony which was also charged in count 1. Accordingly the circuit court did have jurisdiction and the allegations and proof were sufficient to uphold a conviction of the defendant as to the offense of trespass in a structure in violation of section 810.08(2)(a), a misdemeanor of the second degree. Therefore, the judgment of conviction of count 2 is hereby reduced to a judgment of conviction for trespass and the sentence on the felony conviction is hereby vacated.[5] However, the record before us indicates that the time for which the accused was entitled to credit for time he spent in the county jail before sentence under section 921.161(1), Florida Statutes, alone exceeds the maximum punishment for the second degree misdemeanor. Therefore we do not remand the cause for sentencing as to the second degree misdemeanor but hereby discharge the accused from further punishment on this trespass conviction.
The judgment of conviction below is affirmed as modified.
AFFIRMED AS MODIFIED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] In order to enhance punishment these basic elements can be augmented by allegations and proof of additional elements, such as that the defendant, in the course of committing the offense, made an assault upon some person or was armed or armed himself within such structure with explosives or a dangerous weapon (section 810.02(2)(a) and (b)) or that the structure entered was a dwelling or there was a human being in the structure or conveyance at the time the offender entered or remained in it (section 810.02(3)).
[2] Vawter v. State, 63 So.2d 255 (Fla. 1953); Charles v. State, 36 Fla. 691, 18 So. 369 (1895); Dowis v. State, 326 So.2d 196 (Fla. 4th DCA 1976); Cole v. State, 276 So.2d 100 (Fla. 2d DCA 1973).
[3] For similar reasoning relating to the word "knowingly," see State v. Buffett, 397 So.2d 1060 (Fla. 2d DCA 1981).
[4] The allegation in count 2 was not sufficient to allege a trespass which would be a misdemeanor of the first degree under section 810.08(2)(b) because count 2 did not allege that there was a human being in the structure at the time the offender trespassed as required by that subsection.
[5] We do not hold that trespass is a necessarily lesser included offense of burglary. There is some thought in some legal circles that because statutory burglary does not now require a breaking that the state should be required under the statute to affirmatively allege and prove that the accused was not licensed or invited to enter or remain. If such an element of "lack of consent" from the owner or occupant were required in burglary charges then it would probably be sufficient to make trespass a necessarily lesser included offense. Of course even now trespass can be made a permissible lesser included offense of burglary by an additional allegation that the entry or remaining was without authority, license or invitation of the owner or lessee.