405 So.2d 247 (1981)
J.B., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-270.
District Court of Appeal of Florida, Third District.
October 27, 1981.
*248 Bennett H. Brummer, Public Defender and Deborah Whisnant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and BASKIN, JJ.
PER CURIAM.
The appellant seeks review of an order finding him delinquent. On November 3, 1980, Officer Dwark was patrolling a shopping center on N.W. 183 Street, Dade County. He noticed some movement behind a garbage bin in the rear of the shopping center, behind a jewelry store. He drove to the rear of the center and observed three juveniles squatting down against the building wall. The appellant was leaning over a large pipe which was angled downward toward the wall. The officer turned his spotlight on the juveniles, who jumped up and ran. The officer caught the appellant and one of the other juveniles. He returned to the building, where he found a hole about twelve inches in diameter had been made about halfway through the rear wall of the building. The pipe apparently was being used to make the hole.
Based on these events, a petition for delinquency was filed against the appellant, charging him with burglary in violation of Section 810.02, Florida Statutes (1979) and Section 777.04, Florida Statutes (1979). A plea of denial was entered and the cause came on for hearing. At the conclusion of the hearing, the trial court reduced the charge to trespass of a structure in violation of Section 810.08, Florida Statutes (1979); found the appellant guilty, and entered the order appealed finding the appellant delinquent and remanding him to the custody of the Department of Health and Rehabilitative Services.
On appeal, the appellant contends the trial court erred in finding him guilty of trespass, when there was no evidence of entry into the structure.
While the appellant is correct in that there was no evidence to show that he had in fact entered the structure, there is sufficient competent evidence that he had committed the crime of attempted trespass in violation of Section 810.08 and 777.04(1), Florida Statutes (1979). Therefore, the finding of delinquency should be sustained upon a finding of guilty on the charge of attempted trespass. Compare: Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981).
Affirmed.