412 So.2d 70 (1982)
B.D., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. AG-423.
District Court of Appeal of Florida, First District.
April 8, 1982.
Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
We affirm appellant's adjudication for delinquency. Although we agree that the evidence was insufficient to prove the crime of burglary, there being no evidence upon which to base a finding of intent to commit the offense of theft, as specifically charged in the petition,[1] the evidence did establish commission of the offense of trespass of an occupied structure, a misdemeanor of the first degree. Conviction of this offense would be sufficient upon which to base an adjudication of delinquency.[2]
*71 We reject appellant's argument that the offense of trespass is not a lesser included offense of the charge of burglary. We hold, as did the Fourth District in Macek v. State, 409 So.2d 107 (Fla. 4th DCA 1982), that the offense of trespass is a "category four" lesser included offense under Brown v. State, 206 So.2d 377 (Fla. 1968). Because our ruling does not require that we determine whether an allegation of stealth and lack of consent of the owner pursuant to Section 810.07, Florida Statutes, is a sufficient substitute for an allegation of intent to commit a specific offense in charging a burglary, we have no occasion to choose between the allegedly conflicting opinions on this point found in Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981), and State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980), or to certify the alleged conflict as the state has requested we do.
Under Section 39.11(3), Florida Statutes, the maximum term of commitment cannot exceed the term of imprisonment of an adult convicted of the same offense. The offense of trespass of an occupied structure is punishable by up to one year of imprisonment in the county jail. Sections 810.08(2)(b) and 775.082, Florida Statutes. Therefore, upon remand, the order of commitment shall be amended accordingly.
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS and SHAW, JJ., concur.
NOTES
[1] Krathy v. State, 406 So.2d 53 (Fla. 1st DCA 1981); Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981); and Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981).
[2] Section 39.01(8).