416 So.2d 13 (1982)
STATE of Florida, Appellant,
v.
Ernie CLARK, Appellee.
No. AH-264.
District Court of Appeal of Florida, First District.
June 11, 1982.
Rehearing Denied July 19, 1982.
*14 David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellant.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellee.
THOMPSON, Judge.
The state appeals a final order contending the trial court erred in dismissing an information. We agree, although not for the reasons asserted by the state, and reverse.
The defendant was charged by information with unlawfully entering or remaining in a structure, "with the intent to commit the offense of Theft therein, or [of entering] through a window at about 4:45 A.M. stealthily without the occupant's consent with intent to commit some offense, contrary to Sections 810.07 and 810.02, Florida Statutes." This information was drafted in one count with an alternative allegation instead of being drafted in two separate counts. At a pretrial hearing the defendant apparently moved to strike the alternative allegation of stealthy entry without the occupant's consent with intent to commit some offense therein. Relying on Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981), defendant argued that § 810.07, Fla. Stat. is not a substantive offense and relates merely to the proof of intent to commit any offense. Such an allegation therefore does not meet the requirement that a specific offense be alleged to properly charge the defendant with burglary. In opposition to this motion, the state relied on State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980) which by dicta indicated that an allegation relating to stealth and lack of consent is a sufficient substitute for an allegation of intent to commit a specific crime.
The trial judge orally announced at the conclusion of the hearing that he would grant the defendant's motion to strike the alternative allegation of stealthy entry in its entirety. However, the trial judge's subsequent written order dismissed the entire information which properly charged the defendant with burglary by unlawfully entering or remaining in a structure, with intent to commit the offense of theft therein. We approve the decision in Rozier and would find no error in striking the alternative language relating to stealthy entry in the information. However, it was error to dismiss the entire information when one alternative allegation properly charged the defendant with burglary.
Reversed and remanded for further proceedings consistent with this opinion.
LARRY G. SMITH, J., concurs.
JOANOS, J., concurs in part and dissents in part.
JOANOS, Judge, concurring in part and dissenting in part.
I join the majority in their determination that the trial judge erred in dismissing the information.
However, I disagree and dissent from the majority's approval of Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981). I believe that for the reasons expressed in their opinion, the Fourth District Court of Appeal set forth the correct interpretation of the requirements for pleading burglary in State v. Fields, 390 So.2d 128, 131 (Fla. 4th DCA 1980) when they wrote:
Therefore, in order to comply with the "general to particular" rule of pleading and yet give force and effect to Section 810.07, we hold that in alleging the crime of burglary, the state must either list the specific crime intended to be committed within the structure, or, alternatively, allege that an offense was intended to be committed therein in that the entry was gained stealthily and without consent of the owner or occupant. By either mode of pleading, the defendant would be sufficiently notified in the accusatory pleading of the crime brought by the state to which he must respond.