THOMPSON, Judge.
Defendant was charged in a single count information with unlawfully entering or remaining in a dwelling with the intent to commit an offense therein in that “the entry was gained stealthily and without the consent of the owner or occupant” contrary to § 810.02, Fla.Stat. (1979). Defendant was found guilty of burglary of a dwelling and was sentenced to 15 years imprisonment. Defendant contends on appeal, among other things, that the state failed to carry its burden of proving intent to commit a particular crime. We affirm.
Since § 810.07, Fla.Stat., relied upon by the state in drafting the instant information, creates only a prima facie case of intent to commit an offense generally, the instant information was defective. See State v. Clark, 416 So.2d 13 (Fla. 1st DCA 1982); Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981). Although defective, the information did charge defendant with the unlawful entry of the victim’s home with the intent to commit an unspecified offense therein. By not objecting to the state’s failure to allege the particular crime intended to be committed by way of a timely motion to dismiss, defendant waived the defect. See State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980). Our citation of Fields as authority for the defendant’s waiver of the defect should not be construed as approval of the dicta in the opinion that an allegation of stealthy entry contrary to § 810.02 is a sufficient allegation of a particular crime. Clark and Rozier. Furthermore, defendant has not shown that he was misled or embarrassed in the preparation of his defense or that he was prejudiced in the trial of the case as a result of the defective information. We therefore conclude that although the information was defective, it was not fundamentally so. We see no error in the remaining points raised by defendant on appeal. Accordingly, we affirm.
AFFIRM.
LARRY G. SMITH, J., concurs.
JOANOS, J., concurs in result only.