417 So.2d 1168 (1982)
STATE of Florida, Appellant,
v.
Wilbur SPEIGHTS, Appellee.
No. AI-200.
District Court of Appeal of Florida, First District.
August 16, 1982.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellant.
*1169 Michael Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellee.
McCORD, Judge.
The appellee was charged by information with burglary in that on July 29, 1981, he did "unlawfully enter or remain in a structure, to wit: the mobile home, the property of (the victim) with intent to commit therein an offense, in that the entry of the structure was gained stealthily and without consent of said (victim), contrary to Florida Statute 810.02." The trial court granted appellee's motion to dismiss the information on the ground that it failed to charge a specific offense as a part of the charge of burglary and, as such, was fatally defective. Thus, the question presented by this appeal is whether the allegations of the information were sufficient to allege a violation of the burglary statute, section 810.02(3), Florida Statutes.
Another panel of this Court has recently concluded that the State must reduce to a specific offense the nature of the offense charged as a part of a burglary information. State v. Clark, 416 So.2d 13 (Fla. 1st DCA 1982). We adopt this view. Accord Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981). Nevertheless, we recognize that the Fourth District Court of Appeal has indicated a contrary result in dicta. State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980). In view of this implicit conflict as to the necessity in a burglary prosecution for the State to allege and prove an intent to commit a specific offense, we hereby certify to the Florida Supreme Court the following question of great public importance:[1]
In a prosecution for burglary under section 810.02, Florida Statutes (1981), is it necessary for the State to allege an intent to commit a specific offense?
The trial court's order dismissing this information is AFFIRMED.
ERVIN, J., concurs.
JOANOS, J., dissents in part and concurs in part.
JOANOS, Judge, dissenting in part and concurring in part.
The trial court should be reversed because the information was not defective. The correct interpretation of the requirements for the charging of the crime of burglary in an information is set out in State v. Fields, 390 So.2d 128, at page 131 (Fla. 4th DCA 1980).
I concur in the determination that the question set out in the majority opinion should be certified to the Florida Supreme Court as a question of great public importance.
NOTES
[1] The status of "dicta conflict" under Article V, Section 3(b)4, of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)vi, has yet to be definitely resolved. England, Hunter & Williams, Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform, 32 U.Fla.L.Rev. 147, 189 (1980); England & Williams, Florida Appellate Reform One Year Later, 9 F.S.U.L.Rev. 221, 244 (1981). Accordingly, we decline to certify that our decision expressly conflicts with State v. Fields, supra.