425 So.2d 201 (1983)
James Edward ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1331.
District Court of Appeal of Florida, Fifth District.
January 19, 1983.
James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case is similar to State v. Speights, 417 So.2d 1168 (Fla. 1st DCA 1982), except that the accused is charged only with attempted burglary. Otherwise, the information is the same as in Speights. The information charging the attempted burglary does allege that the accused attempted to enter or remain in a particular structure owned by another with the intent to commit *202 an offense therein. The information does not further "descend to the particulars" and specify the particular offense that the accused allegedly intended to commit by the burglary when he allegedly attempted entry.
The information does allege that the structure was not open to the public and that the accused was not licensed or invited to enter or remain. The information also alleges that the (attempted) entry was gained stealthily and without the consent of the owner or occupant. This latter allegation was obviously suggested by section 810.07, Florida Statutes (1981). However, in burglary cases we have heretofore made it clear that we do not consider this statutory provision to be an alternative to necessary allegation of an element of the burglary; instead, it creates an evidentiary presumption relating to proof sufficient to establish a prima facie case of burglary. Van Teamer v. State, 417 So.2d 1129 (Fla. 5th DCA 1982); Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981). In Rozier, this court criticized the "general to particular" rule that the State is required to allege and prove the specific offense intended in a burglary case, but this court felt obligated to follow that rule. Nevertheless, in Rozier we declined to adopt the holding in State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980), that the allegations of "a stealthy, non-consensual entry" are an allegational alternative to the "general to particular" rule. Similarly, in Van Teamer we declined to follow the rule adopted in Krathy v. State, 406 So.2d 53 (Fla. 1st DCA 1981), and Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981), that the State could not use the statutory "stealthy non-consensual entry" evidentiary presumption as proof of facts sufficient to raise the presumption and create a prima facie case of entering with intent to commit some offense unless such factual basis (i.e., the stealthy non-consensual entry) was alleged in the information.
The burglary statute (§ 810.02, Fla. Stat. (1981)) defines burglary as entering or remaining in a structure with the intent to commit any offense therein. This requires specific intent which the State must allege and prove. However, because the State rarely has direct proof as to the accused's exact objectives, motives and intentions, the State's proof is almost always circumstantial on this point. That circumstantial evidence is often sufficient to convince a jury beyond a reasonable doubt that the accused intended to commit some offense, but is not sufficient to convince them that he intended to commit a particular alleged offense, such as theft rather than rape, etc. Requiring the state to allege and prove the utmost details of the accused's subjective mental intentions is entirely different and more difficult and less reasonable than requiring the State to prove particulars (Fla.R. Crim.P. 3.140(n)) as to time, place and as to facts subject to proof by physical or other objective evidence.
We, like the Speights court, also feel this problem is one of great public importance. This case has an additional factor. Ellis is only accused of an attempted burglary. Under section 777.04(1) and general law, an attempt requires but two elements, (1) the specific intent to commit the crime intended and (2) any overt act reasonably calculated to accomplish the commission of the offense intended, going beyond mere preparation but falling short of accomplishing the crime intended. Therefore, the offense of an attempted burglary requires a specific intent to commit the crime of burglary. The intended burglary itself requires a specific intent to commit some crime in the burgled structure.
The question here goes one step further. It is whether the state must allege and prove the specific crime an attempted burglar, at the time he did the overt act directed toward accomplishing the burglary, intended to commit as a part of the intended burglary. Therefore, we hereby certify to the Florida supreme court the following questions of great public importance:
In a prosecution for attempted burglary (§§ 777.04(1) and 810.02, Fla. Stat. (1981)), is it necessary for the State to allege, not only the specific offense which the accused intended and attempted to commit, *203 such as burglary, but also to further allege all of the elements of such intended offense, such as, in burglary, the intent to commit some crime in the structure? If so, must the State then again go further and allege and prove the specific offense which the accused intended to commit by the burglary which he intended and attempted to commit?
The trial court's order denying the motion to dismiss the information is
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.