SHIVERS, Judge.
Following trial by jury, appellant was convicted of the offense of burglary. The information charging appellant with the burglary alleged that appellant “did unlawfully enter or remain in a structure, to-wit: a residence ... without being licensed or invited, with the intent to commit an offense therein, to-wit: theft and/or did enter stealthily and without the owner’s consent pursuant to Florida Statutes Section 810.07, contrary to Section 810.02, Florida Statutes.... ” At the conclusion of the State’s case and again at the close of appellant’s case, appellant moved unsuccessfully for a motion for judgment of acquittal, contending that the evidence was insufficient to sustain a conviction for burglary. On appeal, appellant argues that the denial of his motion for judgment of acquittal, at the close of the State’s case, constitutes reversible error.
At issue, is the question of whether the State may satisfy the intent requirement necessary to establish a prima facie case of burglary by relying exclusively on the evidentiary presumption set forth in § 810.07, which states that:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
Relying on two decisions of the Fourth District Court of Appeal in State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980) and Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981), the State contends that the eviden-tiary presumption set forth in § 810.07 makes evidence of stealth and lack of consent an evidentiary equivalent of proof of intent to commit an offense in a structure and thus prima facie evidence of burglary.
The decisions of the Fourth District in Fields, supra, and Waters, supra, conflict with a decision of the Fifth District in Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981), which held that proof of a stealthful entry is not the evidentiary equivalent of intent to commit a specific offense in a structure. The Rozier court observed that:
We do note with interest that while section 810.07 attempts to make stealth and lack of consent an evidentiary equivalent of proof of an intent to commit an offense in a structure, that statute does not make those two facts prima facie evidence of intent to commit a particular crime, such as theft. As long as the “general to particular” rule is applied to the element of intent in burglary cases, requiring the State to allege and prove the accused’s intent to commit a particular crime, the statutory presumption created by section 810.07, Florida Statutes, relating as it does only to a prima facie case as to an intent to commit an offense generally, will be of little or no value to the State because it will be insufficient to carry a burden of proof as to intent to commit a particular crime. In view of the substantial authority cited above which requires the State to allege and prove the specific offense intended in a burglary case, we do not feel we can now hold otherwise. Nor can we extend the words and meaning of section 810.07 to make it applicable to allegations in the charging document as distinguished from proof at trial. The solution to this problem is either for the Florida Supreme Court to rule that the “general to particular” rule is not applicable to the intent element of statutory burglary or for the legislature to amend section 810.07, Florida Statutes, to provide that proof of stealth and lack of consent constitutes prima facie evidence of the intent to commit a particular crime, such as theft.
Id., at 542.
The Rozier analysis was expressly adopted by this court in Barnes v. State, 426 So.2d 1274 (Fla. 1st DCA 1983), State v. Clark, 416 So.2d 13 (Fla. 1st DCA 1982), and State v. Speights, 417 So.2d 1168 (Fla. 1st DCA 1982). Citing these cases for the proposition that proof of a stealthy non-con *1115 sensual entry is not prima facie evidence of the crime of burglary, appellant contends that it was reversible error for the trial court to deny his motion to dismiss. Because of the recent case of State v. Waters, 436 So.2d 66 (Fla.1983), we disagree.
In State v. Waters, supra, the Florida Supreme Court addressed the following questions which the district court in Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981) certified to be of great public importance:
1. In a prosecution for burglary under section 810.02, Florida Statutes (1979), is it necessary for the state to allege an intent to commit a specific offense?
2. Is the statutory rebuttable presumption contained in section 810.07, Florida Statutes (1979) sufficient to prove a prima facie case of intent to commit the specific offense of theft?
State v. Waters, supra, at 68. The Florida Supreme Court answered the first question in the negative holding that “an indictment or information charging burglary is not required to specify the offense which the accused is alleged to have intended to commit. If all the essential statutory elements of the offense are alleged, the accusatory document will generally be deemed sufficient.” Id. at 69. As to the second certified question, the court noted that the evidentiary presumption set forth in 810.07, Florida Statutes (1979), was inapplicable to the Waters case because the presumption statute only applied to the charge of burglary and not attempted burglary, the crime which Waters was charged with committing. Nevertheless, the court responded to the certified question, which it modified to read as follows:
In a trial on a charge of burglary, is proof of the factual elements set out in Section 810.07 sufficient to establish a prima fa-cie case of intent to commit an offense?
Id. at 69. As modified, the court answered the second certified question in the affirmative, holding that proof that a defendant entered a structure stealthily and without the owner’s consent
will always be deemed to be a sufficient showing to allow a case of burglary to go to the jury even if there is no other evidence of the defendant’s state of mind at the time of the unlawful entering, and will be legally sufficient proof of intent to support a verdict, [footnote omitted] Thus, section 810.07 provides the State with an alternate method of proving a charge of burglary when it is unable to adduce any evidence of the defendant’s criminal intent when unlawfully entering a structure or conveyance.
State v. Waters, supra. In accord with the Florida Supreme Court’s decision in Waters, supra, we find that since proof of a stealthful entry, without the owner’s consent, constitutes prima facie evidence of burglary, the trial court did not err in denying appellant’s motion to dismiss at the close of the State’s case.
AFFIRMED.
ROBERT P. SMITH, Jr., and NIMMONS, JJ., concur.