MILLS, Judge.
Barnes appeals judgments of guilt for burglary and possession of burglary tools. We affirm in part and reverse in part.
Barnes argues that the old instruction on circumstantial evidence should have been given. This instruction was found unnecessary by the Florida Supreme Court. Walker v. State, 414 So.2d 22 (Fla. 1st DCA 1982). Because no other error in the conviction for possession of burglary tools appears, it is affirmed.
Although Barnes was caught on the victim’s porch actually prying at her door, we are forced to reverse the burglary conviction. Barnes was tried under an information which alleged that he unlawfully entered the victim’s dwelling with the intent to commit an offense therein, in that he entered stealthily. The defense moved to dismiss the information since intent to commit a specific offense was not alleged. The trial court was faced with the conflicting views expressed in Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981), and Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981). The court took the Waters view and proceeded to trial. Subsequently, this Court adopted the Rozier view, State v. Speights, 417 So.2d 1168 (Fla. 1st DCA 1982); State v. Clark, 416 So.2d 13 (Fla. 1st DCA 1982). Consequently, we reverse the burglary conviction and remand for an adjudication of guilt on the only crime actually charged in this count of the information, trespass. Rozier, supra.
We note that review of Waters and Speights is currently pending in the Florida Supreme Court. This decision necessarily passes on the same issues as Waters and Speights.
Affirmed in part; reversed in part; and remanded.
ERVIN and WIGGINTON, JJ., concur.