OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as Barnes v. State, 426 So.2d 1274 (Fla. 1st DCA 1983). The district court reversed the respondent’s conviction for burglary because the information charging him with burglary did not allege the specific offense the respondent intended to commit upon entering the victim’s dwelling.
Previously, there was conflict between the First District Court of Appeal’s decision in Barnes and the Fourth District Court of Appeal’s decision in Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981). Now there is conflict with our decision in State v. Waters, 436 So.2d 66 (Fla.1983), which was decided after the district court’s decision in Barnes. In Waters we approved the Fourth District’s decision in Waters and held that “an indictment or information charging burglary need not specify the offense the accused is alleged to have intended to commit, although it must allege the essential element of intent to commit an offense.” Id. at 68. See also State v. Speights, 437 So.2d 1387 (Fla.1983); State v. Rozier, 436 So.2d 73 (Fla.1983). In the instant case, the respondent “was tried under an information which alleged that he unlawfully entered the victim’s dwelling with the intent to commit an offense therein, in that he entered stealthily.” 426 So.2d at 1275. The information charging respondent with burglary, therefore, properly alleged the essential statutory element of intent to commit an offense.
The decision of the district court is quashed and this cause is remanded to the trial court for proceedings in accordance with this Court’s decision in Waters.
It is so ordered.
*627 ALDERMAN, C.J., and ADKINS, BOYD, McDonald, EHRLICH and SHAW, JJ., concur.