ED CARNLEY v. STATE.

197 So. 441
En Banc
Opinion Filed July 16, 1940
Rehearing Denied August 1, 1940

*J. McHenry Jones* and *J. Montrose Edrehi,* for Plaintiff in Error;

*George Couper Gibbs, Attorney General,* and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—The plaintiff in error, Ed Carnley, was informed against in the Court of Record of Escambia County, Florida, by the County Solicitor of Escambia County, for stealing five hogs, the property of Henry C. Barnes. He was arraigned and entered a plea of not guilty; was placed upon trial and by a jury of Escambia County found guilty as charged and by the trial court sentenced to the State prison at hard labor for a period of three years. The plaintiff in error, hereinafter referred to as the defendant, has perfected an appeal from the sentence of imprisonment to this Court and assigns several grounds for a reversal thereof.

It is first contended that the trial court erred in overruling and denying the defendant's motion for a new trial, which presents the question of the sufficiency of the evidence to sustain the verdict. The evidence shows that the owner of the hogs was a filling station operator living across the line in Alabama. He moved five head of hogs over in Escambia County, Florida, and for some time fed them at the head of Escambia Creek and not a great distance from

the home of the defendant. The hogs disappeared and the owner continued to inquire about the same and some time after their disappearance he was returning from a fishing trip by the home of the defendant and observed three of his hogs around the defendant's home or farm. He returned to the defendant's place with a constable and the hogs could not be found, but shortly thereafter the defendant appeared with a corn sack on his shoulder and came from the direction of a tenant's house on the place located near the swamp. The officer asked him about the hogs and he replied that he did not know that Barnes owned hogs ranging in that county. Permission was requested for the officer to be allowed to search around the tenant's house for the missing hogs, which the defendant agreed to, and upon arrival found the five hogs of Barnes in a pen in a swamp about a half mile from the defendant's house with two other hogs. The marks of Barnes' hogs had been recently altered or changed and were bleeding. There was no explanation of the alteration of these marks. The hogs were delivered to Barnes and on trial the ownership thereof was clearly established in Barnes.

The defendant's explanation of the hogs being in his possession was that they had broken through his fences and were interfering with stock, feed and crops, but that there was no intent to steal them as shown by the fact that the hogs were kept in a pen near a public or settlement road and could be observed by the general public. Likewise the hogs were open to view by the general public when about his farm prior to the time they were placed in a pen. The defendant's knowledge was limited as to the change or alteration of the marks so as to obliterate the true marks of the owner. It is possible that the jury weighed this fact with other evidence in the case in reaching a verdict in the case. The rule is that unexplained possession of

recently stolen property is sufficient basis for a verdict of guilty on a charge of larceny. The reasonableness and credibility of a defendant's explanation of the possession of property charged to have been taken is a question for the jury. See Bargesser v. State, 95 Fla. 401, 116 So. 11; Tucker v. State, 86 Fla. 36, 96 So. 10.

It is next contended that the trial court erred in denying the defendant's motion for a directed verdict because the county solicitor on cross examination of the defendant's witness Charley Williamson, made an effort to determine the knowledge of the witness as to the general reputation of the defendant in the community in which he (the defendant) lived, the witness having testified on direct examination that the defendant's general reputation was good. The law is well established that a defendant in a criminal case may place in issue his good reputation to be considered by the jury along with other evidence in reaching a verdict. The record here shows the defendant was granted that right, and the county solicitor had a right to determine by cross examination the knowledge or lack of knowledge on the part of the witness Williamson as to the general reputation of the defendant in the community in which he lived or resided. The facts on which this good reputation rested were sought on cross examination by asking if he (Williamson) had heard or learned that the defendant during this period had been accused of cow stealing. The question was answered in the negative. We fail to comprehend that such an inquiry had the legal effect of charging the defendant with another crime, namely, cow stealing, when the point to be developed was Williamson's knowledge of the defendant's general reputation in the community in which he lived. We fail to find merit in this assignment.

It is next contended that the trial court erred in not giving the defendant's requested charge, viz.: "The court

charges further that good character evidence may of itself create a reasonable doubt when considered with other evidence in the case." The rule appears to be that requested charges must be considered in the light of or in connection with all other charges given by the trial court. We have carefully considered the instructions to the jury on the part of the trial court and think the general charges were sufficient to fully protect the defendant. See McCall v. State, 55 Fla. 108, 46 So. 321; Olds v. State, 44 Fla. 452, 33 So. 296.

The entire record has been carefully studied, the briefs of counsel read and authorities cited examined, and the Court has heard able argument at the bar of this Court and it seems to the Court that there is no error in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD and THOMAS, J. J., concur.

BROWN and BUFORD, J. J., dissent.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J.— (dissenting).—When all the evidence in this case is considered—and it would take considerable time and space to review it all, I do not think the State bore the burden which rested upon it to prove that the defendant had any intention to steal when he put those stray shoats in his pen after they had been breaking through his fence and depredating in his peach orchard for about three weeks. Shortly after he did this, the owner, with a constable, came along inquiring about his stray hogs, and the defendant told them he had some hogs in his pen that he, the defendant, did not own, and that if they were Barnes' hogs, he could have them. Barnes and the officer went down to the pen and identified them as his, and they were delivered

to him.    Furthermore, the court should, in my opinion, have charged the jury upon the effect of proof of good character.

I think the motion for new trial should have been granted.