ANDREWS, Judge.
This is an appeal by the plaintiffs, Juanita and Joe Williams, from an order of the trial court setting aside and vacating a jury verdict awarding plaintiffs damages for injuries sustained in an automobile collision and granting defendant a new trial.
Plaintiffs brought suit alleging that defendant was negligent in making a left turn into the oncoming path of plaintiffs’ vehicle approaching from the opposite direction. The case was submitted to the jury on the issues of negligence, contributory negligence and damages. The jury returned a verdict in favor of plaintiffs and awarded damages. The trial court set aside the verdict and granted defendant a new trial on the grounds that the manifest weight of the evidence showed that plaintiffs were guilty of contributory negligence and that the court had erred in refusing to admit into evidence part of plaintiffs’ deposition offered by the defendant.
This court is called on to determine whether the trial judge clearly abused his discretion in granting the defendant a new trial. It is well established that an order of a trial judge granting a new trial is entitled to great weight by the reviewing court and that the burden is on the appellant to demonstrate a clear abuse of discretion. Russo v. Clark, Fla.1962, 147 So.2d 1; Cloud v. Fallis, Fla.1959, 110 So.2d 669. No such abuse has been shown here.
We now consider whether or not the refusal of the court to admit a part of plaintiffs’ deposition by the defendant was error. The court recognizes that under Florida Rules of Civil Procedure 1.21(d), 30 F.S.A., part or all of the deposition of an adverse party may be introduced into evidence as part of the opposing party’s case regardless of whether the deponent is available or not. Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., Fla.App.1963, 151 So.2d 453. The matter contained in such a deposition is subject to the normal rules of evidence and is subject to the trial court’s right to exclude such parts thereof as may be unnecessarily repetitious in relation to the party’s testimony on the stand. Merchants Motor Freight Co. v. Downing, 8 Cir., 227 F.2d 247. The part of the deposition of the plaintiff offered in evidence by the defendant was admissible. The appellant has failed to establish that the trial court clearly abused its discretion in granting a new trial. We, therefore, must affirm.
Affirmed.
SMITH, C. J., and WALDEN, J., concur.