LILES, Chief Judge.
Appellant, Lewis Davis, was charged in an information with murder in the second degree. He waived arraignment and entered a plea of not guilty. At a trial by jury, he was found guilty of manslaughter. After pre-sentence investigation the trial judge adjudged him guilty and sentenced him to fifteen years in the State prison.
Lewis Davis along with O. C. Kirkwood and witnesses, Almond Phillips, Jr., and Joe Dejournette, were engaged in a dice game in Sarasota County, Florida. An argument arose regarding a bet and O. C. Kirkwood grabbed a five dollar bill that Lewis Davis believed belonged to him. Davis demanded the return of the money but Kirkwood refused to return it. Kirk-wood then ran from the room being chased by Davis who had a drawn knife. Once on the street they encountered a patrolman and at the sight of the patrolman Kirk-wood returned the five dollar bill and they both went their separate ways.
Later in the evening Kirkwood’s body was found in the vicinity of his rooming house and reported to the police.
At the trial Almond Phillips testified that upon his leaving the dice game he encountered Kirkwood and informed him that upon Davis’ return to the dice game, he made the statement “let me go get something to kill that so and so.” He further testified that while he and Kirkwood were talking, with Kirkwood leaning on the car and he, Phillips, in the car, Lewis Davis approached the car from the bushes to the east of Phillips and Kirkwood, brandishing a pistol. Upon seeing the gun Kirkwood ran around the car and started running down the street to the north, with Davis firing as Kirkwood ran.
At the trial, Dejournette testified that he did not hear Davis make the statement regarding his getting something to kill Kirkwood with, nor did he see Davis fire any shots, although Davis did return to the dice game and remain there a few minutes.
Davis testified in his own behalf that he did not fire any shots at Kirkwood and in fact did not possess any kind of firearms and had not possessed a gun since he moved to Sarasota eighteen years ago. The medical examiner testified that he removed the lethal bullet from the chest of Kirkwood and that it appeared to be somewhat larger than a twenty-two caliber bullet. He also testified that he was not experienced in firearms. Upon this testimony, the case went to the jury after the denial by the trial judge of two motions for a directed verdict. This appeal followed.
The appellant, Lewis Davis, contests the sufficiency of the evidence to *89 prove that he, in fact, killed O. C. Kirk-wood, and assigns as error the judge’s failure to grant the directed verdict. We must first decide if there was sufficient evidence to support the verdict. Under the testimony of Almond Phillips, which was directly contrary to that of Davis and Joe Dejournette, the jury could believe that the bullet fired by Davis toward Kirkwood as he ran around the car struck him in the front. They obviously did and therefore we believe there was sufficient evidence to support the jury’s verdict of manslaughter.
Appellant further says that the court committed error in allowing a police officer to testify as to certain statements made by the appellant at the in-custody interrogation. The officer testified that he warned appellant of his rights as outlined in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Aside from that, the appellant made no confession and to the contrary denied any knowledge of the homicide except he did say that he would not kill anyone for five dollars and that he knew Kirkwood had been killed upon Church Street. These statements were made following a clear explanation of appellant’s rights.
Appellant also charges that the trial judge committed error when he allowed the prosecutor to bring out, on cross-examination, that appellant had been charged with the exhibition of a dangerous weapon. During appellant’s testimony he testified on several occasions that he had never owned firearms of any nature since he had been in Sarasota County. This interrogation was allowed for the purpose of impeachment and we believe it to be proper.
In substance, the jury could have and obviously did believe the testimony of Almond Phillips and we cannot disturb such finding. The judgment is therefore affirmed.
ALLEN and MANN, JJ., concur.