301 So.2d 109 (1974)
STATE of Florida, Appellant,
v.
Toni MONSEES, Appellee.
No. 74-685.
District Court of Appeal of Florida, Fourth District.
October 4, 1974.
David H. Bludworth, State's Atty., and Robert T. Kennedy, Asst. State's Atty., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Kenneth J. Scherer, Asst. Public Defender, and Paul H. Markoff, Legal Intern, West Palm Beach, for appellee.
*110 DOWNEY, Judge.
This is an appeal by the state from an order granting a new trial.
Appellee was charged with two counts of obtaining property in return for worthless checks in violation of § 832.05, F.S. At trial she admitted that she wrote the two checks in question and that she was aware the checks were probably worthless. The defense asserted was intoxication by means of heroin addiction.
During cross examination the prosecutor asked appellee if someone had been with her in the store. She answered that there had not. He then asked: "There wasn't a black man with you in the store?" Objection was made and overruled and a motion for mistrial was denied. Thereafter appellee declined the court's offer of a cautionary jury instruction on the foregoing question. The jury found appellee guilty as charged but the court granted appellee's motion for a new trial on the ground that the question was a pure gratuity without any basis in the record and that it was a manifest error condemned by cases such as Grant v. State, Fla. 1967, 194 So.2d 612; Chavez v. State, Fla.App. 1968, 215 So.2d 750, and Breniser v. State, Fla. App. 1972, 267 So.2d 23.
The appellee concedes in her brief the proof was clear that she was guilty of the charges. The theory of the defense was, quoting from her brief:
"Yes, the Appellee passed these checks  but she was a drug addict when she did it  she's under therapy now, she's improving, she wants another chance at life  won't you please give her that chance?"
Thus, it would appear beyond peradventure of doubt that appellee was guilty, the jury verdict was warranted, and the result is just. The mandate contained in § 59.041, F.S. 1973, is most pertinent here. It commands that no new trial shall be granted unless it appears after an examination of the entire case that the error complained of has resulted in a miscarriage of justice. Leaving no question of the legislative intent, the statute concludes by providing that it should be liberally construed.
The appellee is a white female. Two of the six jurors were black, one male and one female. The courts today recognize the sophistication and intelligence of modern juries and their ability to assess the evidence presented and the arguments of counsel. Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, 718; Wingate v. State, Fla. App. 1970, 232 So.2d 44.
Our examination of the entire record in this case convinces us that the jury arrived at a just result, and that the question complained of, if error at all, does not begin to take on the offensive character of the prosecutors' remarks in the cases cited by the trial court. The only feature of the case which gives us moment for pause is the fact that the trial court granted a new trial. We are quite cognizant of and totally agree with the well established rule that an order of a trial court granting a new trial is entitled to great weight and the appellant has the burden to demonstrate a clear abuse of discretion. Williams v. Johnson, Fla.App. 1966, 183 So.2d 582. But when the harmless error statute is applied to this record we regret to say it is out judgment that the abuse of discretion is clear.
Accordingly, the order granting a new trial is reversed and the cause is remanded with directions to enter judgment upon the jury verdict and for appropriate further proceedings.
OWEN, C.J., and MAGER, J., concur.