336 So.2d 1205 (1976)
William GREENFIELD, Appellant,
v.
STATE of Florida, Appellees.
No. 75-1500.
District Court of Appeal of Florida, Fourth District.
August 31, 1976.
Rehearing Denied October 1, 1976.
*1206 Larry Klein, West Palm Beach, and Law Offices of C. Michael Shalloway, Lake Worth, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
DAKAN, STEPHEN L., Associate Judge.
Appellant, defendant in the trial court, appeals his judgment and sentence after conviction by a jury for second degree arson. The sole point on appeal is the propriety of certain questions asked during the cross-examination of defendant's character witnesses.
Defendant called Emanuel Riesenberg and asked if he knew the reputation of the defendant in the community in which he lived for truth and veracity. The witness replied that defendant's reputation was good and he would believe defendant under oath. During a proffer, out of the presence of the jury, the State asked the witness if he had heard that defendant had been arrested in July of 1972 and in April of 1975 for grand larceny.
In the course of legal argument regarding the propriety of asking this question, it was established that charges arising out of the 1972 arrest had been dismissed. Charges resulting from the April 1975 arrest were, however, set for trial. The trial court ruled that no inquiry could be made concerning the 1972 arrest, but the state could ask the witness if he had heard of the April 1975 arrest. The offense for which defendant was being tried occurred in January, 1975, prior to the April arrest. Upon resuming the trial, the state then asked Mr. Riesenberg if he had heard of the April 1975 arrest. Defendant then called three more character witnesses. Each one was questioned as to the reputation of the defendant in his community for truth and veracity. On cross-examination, each witness was asked if he had heard of the April 1975 arrest.
Defendant's position on appeal is that the trial court erred in permitting the state to ask defendant's character witnesses if they had heard of the arrest of the defendant, for a different charge, after the date of the offense for which defendant was on trial.
The general case law and text writings on the subject seem to agree that the state has the right to cross-examine a character witness as to his having heard of specific acts of defendant. The purpose of this examination is to enable the fact finder to judge whether the witness actually knows the reputation of the defendant. This inquiry is not limited to actual convictions but may include arrests and other alleged conduct or misconduct. See, for example, United States v. Canniff, 521 F.2d 565 (C.A.2, 1975); United States v. Prevatt, 526 F.2d 400 (C.A.5, 1976); United States v. Bermudez, 526 F.2d 89 (C.A.2, 1975); Frazier v. State, 56 Ala.App. 166, 320 So.2d 99 (1975); Jiminez v. State, 545 P.2d 1281 (Okl. Cr.App. 1976); McElroy v. State, 528 S.W.2d 831 (Tex.Cr.App. 1975) and the annotation and cases collected in 47 A.L.R.2d 1258. See also, McCormick, Evidence, Section 191; and Wharton, Criminal Evidence, Section 237.
Florida cases dealing with this subject also seem to follow the general rule. In the early case of Cook v. State, 46 Fla. 20, 35 So. 665 (1903), the Florida Supreme Court held that a character witness may be cross-examined regarding specific facts in order to test the soundness of the witness' opinion *1207 and to elicit the data upon which it was founded. In Cornelius v. State, 49 So.2d 332 (Fla. 1950), the Florida Supreme Court held that a witness who testifies to the general reputation or character of a defendant may be cross-examined as to whether he had heard of specific acts of violence
"... because the true purpose of such cross-examination is to enlighten the jury as to whether the witness actually  as a matter of fact  knows the general reputation of the defendant and to place the jury in a better position to pass upon the credibility of the witness' testimony." 49 So.2d at 335.
The Florida case closest to the issue here is Carnley v. State, 143 Fla. 756, 197 So. 441 (1940). The defendant was charged with stealing hogs. A witness on his behalf testified to the good general reputation of the defendant in the community. During cross-examination, the witness was asked if he had heard or learned that defendant "during this period" had been accused of cow stealing. The court disposed of defendant's objection to this procedure by stating:
"... We fail to comprehend that such inquiry had the legal effect of charging the defendant with another crime, namely, cow stealing, when the point to be developed was Williamson's knowledge of the defendant's general reputation in the community in which he lived. We fail to find merit in this assignment." 197 So. at 442.
Unfortunately, neither the Cook case or the Carnley case, supra, indicate whether the character witness was being questioned about specific acts involving the defendant which happened subsequent to the offense being tried. Defendant maintains that a subsequent arrest cannot be inquired about and relies in part on United States v. Lewis, 157 U.S.App.D.C. 43, 482 F.2d 632 (1973); Wharton, Criminal Evidence, Section 231 (2nd Ed. 1972); and 5 Wigmore, Evidence, Section 1618. We agree with the general proposition of these authorities that cross-examination of a character witness should be limited to events prior to the offense being tried when defendant's reputation for peace and good order is in issue. This is because a defendant's reputation for peace and good order, (United States v. Lewis, supra) or as a peaceful and law abiding citizen (Cornelius v. State, supra) is relevant only as to the date of the offense on trial.
A different situation is presented, however, when the issue of the defendant's reputation for truth and veracity or testimonial honesty is put in issue. Defendant's reputation for this particular trait is in issue at the time of the trial (as opposed to the date of the offense). See United States v. Lewis, 157 U.S.App.D.C. 43, 482 F.2d 632 (1973). Since the purpose of cross-examination of a character witness is to establish the basis of his opinion of the defendant's reputation, it would only seem logical to permit questioning regarding acts involving the defendant up to the time of the trial. In this case, defendant Greenfield placed his reputation for truth and veracity in issue. This is determined as of the date of trial, and we, therefore, find no error in the trial court's permitting the questions asked of the witnesses.
We also approve the procedure suggested in McCormick, Evidence, Section 191(d), (2nd Ed. 1972), in dealing with the matter. Before permitting the prosecuting counsel to cross-examine the character witness on rumors of misconduct, arrests, charges or convictions, the trial judge should require the prosecutor to give his professional statement to the court, in the absence of the jury, that he has reasonable ground to believe, and does believe, that the misconduct charges arising out of arrests were actually committed by the defendant and that any convictions were actually pronounced. The trial court has wide discretion in determining what examination, if any, will be permitted.
In this case, the trial judge followed this procedure and we, therefore,
AFFIRM.
WALDEN and ALDERMAN, JJ., concur.