WATSON, Justice.
Defendant, Patrick Deville, was convicted as a principal by a unanimous six person jury of two counts of attempted simple burglary, LSA-R.S. 14:62, and one count of attempted theft of $490, LSA-R.S. 14:67. He was sentenced to two concurrent terms of six years at hard labor for the burglary attempts and one consecutive year at hard labor for the attempted theft.[1] Defendant has appealed, assigning eight errors in the trial court. The convictions must be reversed on the basis of assignment of error number six: the trial court erred in allowing evidence of defendant’s inadmissible prior burglary conviction and denying a mistrial. LSA-C.Cr.P. art. 770. The other assignments of error will not be considered.
On the night of July 16, 1979, Jimmy and Ricky Vidrine broke into two bars in Ville Platte. They stole approximately $480 and two cartons of cigarettes valued at $10. They were arrested the following day and gave written statements implicating De-ville. Deville allegedly told the Vidrines how to gain entry into the two bars and each gave him $75 after the burglaries.
On cross-examination, the District Attorney asked defense witness Barry McDaniel: “Do you know whether or not he [Patrick Deville] has been convicted of a burglary?” (Tr. 267). Despite objection by defense counsel, the trial court allowed the question and denied a mistrial. The following colloquy took place:
“Q. Now will you answer my question sir. Do you remember it?
*1146 “A. No.
“Q. Do you know that Patrick Deville was convicted of burglary in Rap-ides Parish?
“A. Yeah.
“Q. You know that?
“A. Unhuh.
“Q. And you know he is on probation?
“A. Yeah.
“Q. You know he was given, what 3 years?
“A. I don’t know.
“Q. So you know he was convicted of a burglary, and you know he was given a suspended sentence and you know he is on probation right?
“A. Yeah.” (Tr., pp. 268-269).
Defendant Deville had not taken the stand and had not been questioned about prior convictions at the time these questions were posed. His character was not at issue. LSA-R.S. 15:481.[2] The prior conviction was not admissible for impeachment of his credibility. LSA-R.S. 15:495.[3] Evidence of the prior crime was not used to show guilty knowledge and intent. LSA-R.S. 15:445,[4] 15:446;[5] State v. Prieur, 277 So.2d 126 (La., 1973). Its only purpose was to depict De-ville as a burglar. State v. Ledet, 345 So.2d 474 (La., 1977).
The evidence of Deville’s prior burglary conviction was inadmissible and highly prejudicial. State v. Morris, 362 So.2d 1379 (La., 1978); State v. Vernon, 385 So.2d 200 (La., 1980). Even though Deville subsequently took the stand, this did not cure the error. State v. Green, 315 So.2d 763 (La., 1975). The trial court erred in allowing the evidence and denying a mistrial. LSA-C. Cr.P. art. 770; State v. Fowlkes, 352 So.2d 208 (La., 1977); State v. Harrison, 367 So.2d 1 (La., 1979).
For the foregoing reasons, the convictions are reversed; the sentences are vacated; and the matter is remanded for a new trial.
REVERSED AND REMANDED.

. The sentence at hard labor for attempted theft is illegal. The maximum sentence under LSA-R.S. 14:27 D(2) would be one year’s imprisonment without hard labor.

. LSA-R.S. 15:481 provides:
“Proof of bad character by state
“The state is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character.”

. LSA-R.S. 15:495 provides:
“Impeachment by evidence of conviction; condition precedent to proof by others; prohibition against cross-examination as to indictment or arrest
“Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.”

. LSA-R.S. 15:445 provides:
“Inference of intent; evidence of acts similar to that charged
“In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.”

. LSA-R.S. 15:446 provides:
“Evidence where knowledge or intent is material and where offense is one of a system “When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”