393 So.2d 33 (1981)
Tony Bernard ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. TT-378.
District Court of Appeal of Florida, First District.
January 16, 1981.
Rehearing Denied February 13, 1981.
Jon D. Caminez, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Defendant Tony Bernard Robinson appeals his conviction of burglary of a dwelling. We affirm.
Defendant was charged by information with burglary of a dwelling while armed, with the intent to commit the offense of assault or battery in violation of Section 810.02, Fla. Stat. (1977), sexual battery in violation of Section 794.011(3), Fla. Stat. (1977), and use of a firearm in the commission of a felony in violation of Section 790.07(2), Fla. Stat. (1977). He pled not guilty *34 to all charges. Following trial on the above counts, the jury returned a verdict of guilty of burglary of a dwelling, a lesser included offense of burglary of a dwelling while armed with intent to commit an assault or battery, and was acquitted on the charges of sexual battery and use of a firearm in the commission of a felony.
Defendant raises three points on appeal. First, he contends that his conviction of burglary of a dwelling should be reversed because he was acquitted on the charges of sexual battery and use of a firearm in the commission of a felony. He argues that in order to be legally convicted of burglary of a dwelling, the jury was required to find him guilty of breaking and entering with the intent to commit a felony. Since the jury found him not guilty of sexual battery and use of a firearm in the commission of a felony, and all underlying offenses, he maintains there was no evidence to support a finding of intent to commit a felony.
Contrary to defendant's argument, the fact that the defendant was acquitted on the charges of sexual battery and use of a firearm in the commission of a felony, does not indicate the jury could not have legally found the defendant unlawfully entered the victim's apartment with the intent to commit a felony. Section 810.02(1), Fla. Stat. (1977), defines burglary as "entering or remaining in a structure or conveyance with the intent to commit an offense therein... ." The testimony of the victim clearly supports the jury's finding that the defendant either committed or intended to commit an offense after entering the victim's apartment. She testified that the defendant broke down her locked apartment door and entered without her consent. At the time of the defendant's entry, the victim was leaning against the door and was thrown back against the chair and onto the floor when the defendant kicked in the door. The defendant fell on top of the victim and they began wrestling on the floor. He then grabbed her around the neck, telling her that he would hurt her if she did not stay quiet. She testified that he was armed and that he subsequently forced her to have sexual intercourse.
Specifically, the evidence supports a finding by the jury that the defendant entered the apartment with the intent of committing sexual battery, aggravated battery, or aggravated assault, notwithstanding his acquittal on the charges of sexual battery and use of a firearm in the commission of a felony. Defendant's acquittal only signified that the jury, for whatever reason, determined that the defendant was unsuccessful in carrying out his intent to commit an offense after entering the dwelling. Consummation of intent is unnecessary to support a conviction for entering a dwelling with the intent to commit an offense. See, Griffin v. State, 276 So.2d 842 (Fla. 4th DCA 1973).
Defendant's second point on appeal challenges the introduction of evidence of the defendant's prior felony conviction and a pending felony charge in an unrelated case brought out by the State's cross-examination of a defense witness. Willie Thornton had been called by the defendant to testify to the defendant's character and reputation for truth and veracity in the community. Thornton testified that the defendant had an excellent reputation for truth and veracity in the community. Following Thornton's testimony, the State made a professional statement, outside the presence of the jury, regarding the State's desire to cross-examine Thornton as to his knowledge of the defendant's prior misconduct. Defendant objected to the intended scope of the State's cross-examination, but the trial court denied the objection and permitted the State to cross-examine Thornton as to his knowledge of defendant's prior conviction and the pending weapons charge.
The trial court did not err in permitting the State to cross-examine Thornton as to his knowledge of specific acts of the defendant. Greenfield v. State, 336 So.2d 1205 (Fla. 4th DCA 1976). Greenfield, supra, held that where the defendant places his reputation for truth and veracity in issue, cross-examination of a character witness is not limited to actual convictions but may include arrests and other alleged conduct *35 or misconduct involving the defendant up to the time of trial. Consequently, the cross-examination of Thornton as to his knowledge of defendant's prior conviction as well as the pending weapons charge against the defendant was proper in order to test the soundness and foundation of Thornton's opinion as to defendant's reputation for truth and veracity. Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA 1977).
Finally, defendant contends that the trial court denied his motion for new trial because of the court's undue and unfair prejudice against the defendant and the defendant's prior relationship with the victim. We disagree.
Defendant's argument is based upon speculative allegations and is unsupported by the record. Reversible error cannot be predicated upon conjecture. Sullivan v. State, 303 So.2d 632 (Fla. 1974). Moreover, in light of the evidence of defendant's guilt, the trial court properly denied defendant's motion for new trial which was based upon the same issues which defendant raises in this appeal. If a trial court's order is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been entered for erroneous reasons, the order will be affirmed. Savage v. State, 156 So.2d 566 (Fla. 1st DCA 1963).
Accordingly, defendant's judgment of conviction is AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.