## STATE OF FLORIDA v. BASS
Case No. 84-01-AP
Seventh Judicial Circuit, Flagler County
January 7, 1985

### APPEARANCES OF COUNSEL

**Stephen M. Nelson**, Assistant State Attorney, for appellant.
**Flem K. Whited, III**, for appellee.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

A jury verdict was returned to the trial court finding the appellee guilty of Driving, or Being in the Actual Physical Control of a Motor Vehicle While Having an Unlawful Blood Alcohol Level, and the trial court entered judgment and sentence thereon.

The appellee filed a motion for a new trial on a number of grounds. This appeal is taken from the order of the trial court granting the appellee's motion for a new trial on the sole basis that the trial court determined that it erred by denying the defendant's motion for a

mistrial after a question by the prosecutor on cross-examination of a defense witness regarding his [the witnesses'] knowledge of the defendant's two prior convictions for DWI.

The defense witness testified on direct examination that he had never seen the defendant consume alcoholic beverages and had never even seen alcoholic beverages in the defendant's home. There was no objection and no ruling by the trial court on this direct testimony of the witness. On cross-examination the prosecutor asked the witness if he knew of the defendant's two prior convictions for DWI. Nowhere is it disputed by rebuttal or other testimony or evidence that the defendant did not have two such convictions.

The trial court opined that the State's failure to object to the questions elicited by defense counsel on direct examination of the defense witness impermissibly allowed the door to be opened on an irrelevant matter, and thus the State should not have been allowed to ask and receive an answer to the question regarding the defendant's prior convictions.

For the reasons expressed below the trial court's order granting a new trial is reversed.

Unless there is a proper objection by adverse counsel, a trial judge has no duty or obligation to prevent inadmissible evidence being considered by a jury. Ehrhardt, *Florida Evidence,* Section 401.1 (2d Ed. 1984). There must be a contemporaneous objection by adverse counsel or there is no ruling to predicate error upon. *Clark v. State,* 363 So.2d 331 (Fla. 1978). An error must be predicated upon a ruling by the court on an evidentiary matter, except in the circumstances of fundamental error. Sec. 90.104, Fla. Stat. (1983). Counsel is permitted to allow in even inadmissible evidence and then attack it on cross-examination. *See James v. State,* 388 So.2d 35 (Fla. 5th DCA 1980). The pertinent testimony of the defense witness on direct examination went into evidence without an objection of counsel or a ruling by the trial court. There is no error by reason of the prosecutor not objecting to such evidence.

Once evidence is received on direct examination the opposing counsel side has a right on cross-examination to inquire into the entire subject matter covered in the direct examination of the witness, including matters that could ". . . modify, supplement, contradict, rebut, or make clearer the facts testified to in chief". *Coxwell v. State,* 361 So.2d 148, 151 (Fla. 1978); *Steinhorst v. State,* 412 So.2d 332 (Fla. 1982); *McCrae v. State,* 391 So.2d 1145 (Fla. 1981). There is no error

128

where the cross-examination is on matters which counsel "opened the door" on direct examination. *See Blair v. State,* 406 So.2d 1103, 1106 (Fla. 1981).

Since the door was opened the prosecutor was legitimately inquiring into the facts and circumstances related to the direct examination.

When a witness has testified regarding character evidence it is proper for counsel on cross-examination to impeach the witness by testing his knowledge on the matters which he has testified. This may include matters such as arrests and other matters not otherwise admissible as impeachment evidence. *See Michelson v. United States,* 335 U.S. 469, 695 S.Ct. 213, 93 L.Ed. 168 (1948).

For instance in *Carnley v. State,* 143 Fla. 756, 197 So. 441 (1940), the court found that it was proper for the prosecutor on cross-examination of a defense witness who had testified on direct examination upon the defendant's good reputation to ask the witness whether he [the witness] had heard or learned that the defendant had been accused of cow stealing. *See also Cornelius v. State,* 49 So.2d 332 (Fla. 1950); *Davis v. State,* 216 So.2d 87 (Fla. 2d DCA 1968). The court in *Carnley* allowed the question not to show the defendant was a thief or that he had committed the offense which he was on trial for, but rather to test the knowledge of the witness in connection with his testimony about the defendant.

Likewise, in this case the prosecutor's question was within the proper bounds of impeachment to test the witnesses knowledge on those matters about which he testified.

The court has also reviewed the entire transcript and finds that the trial court's ruling was not based on any fundamental error going to the foundation of the case. *State v. Smith,* 240 So.2d 807 (Fla. 1970). Further the court finds that there is clear and convincing evidence leaving no reasonable doubt of the defendant's guilt, and the same result would have been reached without the objected to evidence and as such constitutes harmless error. Sec. 59.04 Fla. Stat. (1983); *See State v. Wadsworth,* 210 So.2d 4 (Fla. 1968); *State v. Monees,* 301 So.2d 109 (Fla. 4th DCA 1974).

On the basis of the foregoing, this court finds the trial court abused its discretion in granting the appellee's motion for a new trial, and the order of the trial court granting the appellee a new trial is reversed and the case is remanded to the trial court for reinstatement of the judgment and sentence.