GRIMES, Acting Chief Judge.
In the course of cross-examining appellant, the prosecutor sought to lay the groundwork for impeachment by prior inconsistent statement when he asked appellant whether or not he had made various statements to several different persons. Even though appellant denied making the statements, the prosecutor did not call three of these persons on rebuttal to testify that the statements had been made to them. Appellant’s counsel then made a motion to strike the prosecutor’s questioning as it related to the references to these inconsistent statements. The court denied this motion.
The practice of laying a predicate for the introduction of prior inconsistent statements when the prosecutor has no intention of calling witnesses to verify that the statements were made was condemned in Marrero v. State, 478 So.2d 1155 (Fla. 3d DCA 1985). As the court explained:
[T]he predicate questions to impeachment must be asked in good faith, that is, with the intent and ability to later prove (if it is not admitted) that the witness gave some statement inconsistent with his or her present testimony. The reason that such proof must be forthcoming is because the predicate question —e.g., “Didn’t you tell me ...?” or “Didn’t you say to so-and-so”—is itself testimonial, that is, the question suggests that there is a witness who can testify that such a statement was made. When this suggested witness is not actually called to give the impeaching testimony under oath, all that remains before the jury is the suggestion—-from the question —that the statement was made. When that occurs, the conclusion that must be drawn is that the question was not asked in good faith, and that the attorney’s purpose was to bring before the jury inadmissible and unsworn evidence in the form of his questions to a witness.
478 So.2d at 1157.
The court should have granted appellant’s motion to strike. However, we have concluded that the failure to grant the motion constituted harmless error. The factual content of some of the statements was actually admitted by appellant in other portions of his testimony. The facts which could be inferred from the remaining statements were merely cumulative to the overwhelming evidence of guilt.
Appellant also contends that the prosecutor violated the rule of Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984), petition for review denied, 462 So.2d 1108 (Fla.1985), by rehabilitating his own witness before the witness’s credibility had been attacked. The court permitted the witness to explain on direct examination why he had previously lied to the police. If this was error, it was less likely to be harmless because this witness was important to the state’s case. Nevertheless, we do not reach the question of harmfulness because we believe that the practice was *56 appropriate under the rationale we expressed in Bell v. State, 473 So.2d 734 (Fla. 2d DCA 1985).
Appellant’s other points are without merit. We affirm his convictions of first degree murder and attempted first degree murder and the resultant sentences.
FRANK and HALL, JJ., concur.