PER CURIAM.
This is an appeal by the defendant David Cabreriza from judgments of conviction *52 and sentences entered against him for the crimes of first-degree murder, armed robbery, and armed burglary of an occupied dwelling based on an adverse jury verdict. We affirm based on the following briefly stated legal analysis.
First, we see no error in the trial court’s ruling below which permitted the state to cross-examine the defendant as a witness as to the stolen nature of a ring seized from him by the police at the time of his arrest. The defendant, we think, “opened the door” to an inquiry concerning this subject by testifying on direct examination that at the time of his arrest the police “took off all my jewelry and told me that those objects [were] stolen from the victim’s house.” (emphasis added). The import of this testimony was that the police had falsely accused the defendant of having stolen jewelry in his possession — an accusation which the state denied having been made. In fact, as was established on cross-examination, the police seized jewelry from the defendant, including a ring which did not, in fact, belong to him, but had been stolen in a prior burglary. We think this evidence was properly admitted below to rebut the false and highly prejudicial attack on the veracity of the arresting officers made by the defendant on direct examination. See, e.g., Davis v. State, 216 So.2d 87, 89 (Fla. 2d DCA 1968).
Second, we think the error in denying the defendant an opportunity to confer with his counsel during a five-minute court recess while the defendant was on the witness stand testifying at trial was a harmless error. This is so because it is clear beyond a reasonable doubt that this error could not possibly have affected the verdict. The sole purpose of the conference was to discuss the state’s impending cross-examination concerning the above-stated ring — and it is plain that this conference could not have prevented the facts from being established as they were on cross-examination. Moreover, the fact that the defendant was never criminally charged with reference to the above ring could have been brought out, but was not, on redirect examination without a prior conference between the defendant and his counsel. Given this showing and the otherwise sufficient evidence to sustain this conviction, it is clear beyond a reasonable doubt that there is no possibility that the verdict would have been different if the conference had been allowed. See, e.g., Thompson v. State, 507 So.2d 1074 (Fla.1987).
Affirmed.