## GORDON v STATE OF FLORIDA

Case No. 87-46AP (County Court Case No. 86-51160 MM)

Fourth Judicial Circuit, Duval County

July 13, 1988

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.

**Mark J. Borello,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

DAVID C. WIGGINS, Circuit Judge.

The Appellant appeals from a jury verdict finding her guilty of prostitution, a violation of F.S. § 796.07(3)(a). To support her appeal, the Appellant contends that the trial court committed reversible error in allowing the Appellee to cross-examine her on her prior conviction for prostitution and in permitting the Appellee to introduce a copy of the judgment and sentence as rebuttal evidence.

## FACTS

On direct examination of the Appellant, counsel for the Appellant asked if she was a prostitute to which the Appellant responded no. (Tr.52). Counsel for the Appellee asked during his cross-examination of the Appellant if she had ever before in the past offered to commit acts of prostitution. (T.56). The defense attorney immediately objected. (Tr.56). Upon hearing the parties' arguments concerning the appropriateness of this line of cross-examination the trial court concluded that the Appellant's counsel had opened the door into inquiries of her lifestyle in that he had asked her if she was a prostitute. (Tr.57). It allowed the Appellee to proceed with its line of questions.

The Appellant answered that she was not nor had ever been a prostitute in response to the Appellee's counsel's question if she had ever offered to commit acts of prostitution. (Tr.61). The court ordered her to be responsive to the question. (Tr.62). Counsel for the Appellee brought to the Appellant's attention that she had a prior conviction for prostitution to which she responded "[y]es sir. I pled guilty to that." (Tr.63)

In addition to these facts, the Court notes that the Appellant's prior conviction for prostitution was the subject of a motion in limine. Counsel for the Appellant moved to exclude the conviction in question on the grounds that it was inappropriate impeachment evidence under F.S. § 90.610 (Tr.4). However, defense counsel noted that such evidence could be admitted as rebuttal. (Tr.4). The trial court granted the motion on this point based upon its determination that the prior offense was not relevant and prejudicial under F.S. § 90.403.

## DISCUSSION OF APPLICABLE LAW

The Appellant's primary contention is that her response to defense counsel's inquiry concerning whether she was a prostitute did not place her character into issue. The Appellant argues that character evidence is relevant when such explains a specific character trait that is an essential element of proof. She cites F.S. § 90.405 (1985) as authority for this argument. In addition to this claim, the Appellant asserts that, if she indeed put her character into issue, the Appellee used improper rebuttal evidence. She argues that the appropriate rebuttal evidence to her good character is reputation evidence under F.S. § 90.405(1) (1985). The Appellant relies under *Dixon v State,* 426 So.2d 1258 (Fla. 2d DCA 1983) as support for her assertion. Finally, the Appellant claims that the introduction of the judgment and sentence as evidence of her prior conviction was also reversible error in that such did not explain or contradict material evidence offered by her.

To counter the Appellant's arguments, the Appellee contends that the conviction is admissible regardless of whether the Appellant's character was at issue. The Appellee cites the general rule that a defendant may be impeached in the same manner as any other witness who testifies. Included in such impeachment is the opportunity to cross-examine the defendant concerning prior convictions.

The prior conviction was introduced to rebut an answer by the Appellant on direct examination. The Appellee characterizes the question and its answer as referring to a specific pertinent trait of the Appellant's character rather than to her general character of alleged good morals. Its questioning and introduction of the conviction was appropriate under F.S. § 90.404(1)(a) according to the Appellee. The Appellee argues that introduction of the evidence in question was offered strictly for impeachment of the Appellant's answer given on direct examination. Its final contention is that F.S. § 90.405(2) allows it to rebut pertinent traits by the use of specific instances of her conduct. The Appellee's central argument is that the Appellant did not put her general moral character at issue but rather that she raised the issue of whether she had the character trait of a prostitute.

The Appellee correctly notes that evidence which is inadmissible for one purpose is admissible for another. *Hodges v State,* 402 So.2d 1375 (Fla. 5th DCA 1981). Consideration should also be given to the fact that a large measure of discretion is vested in the trial court in determining when a witness has opened the door to impeachment concerning matters that would not otherwise be permissible. *United States v Benedetto,* 571 F.2d 1246 (2d Cir. 1978).

Section 90.405(1) of the Florida Statutes (1985) provides that "[w]hen evidence of the character of a person or of a trait of his character is admissible, proof may be made by testimony about his reputation." Subsection (2) of the statute states that "[w]hen character or a trait of character is an essential element of a charge, claim, or defense, proof may be made of specific instances of his conduct." Section 90.608 of the Florida Statutes allows for the general impeachment of a witness based upon the introduction of evidence which contradicts the witness' testimony.

Based upon its review of the facts of the case and the applicable law, the Court concludes the cross-examination of the Appellant was proper. The defense counsel opened the door for further inquiry by the Appellee. *Nelson v State,* 395 So.2d 176 (Fla. 1st DCA 1980). The cross-examination was to contradict the Appellant's testimony on direct. Such was proper procedure. *Richardson v State,* 345 So.2d 380

**19**

(Fla. 3d DCA 1977); *Davis v State,* 216 So.2d 87 (Fla. 2d dca 1968). Introducing a copy of the conviction into evidence was error. Such was unnecessary upon Appellant's admission that she was previously convicted for prostitution. However, the error was harmless under the circumstances.

In view of the above, it is

ORDERED AND ADJUDGED that the Appellant's conviction for a violation of F.S. § 769.07(3)(a) is AFFIRMED.

Dated in Chambers at Jacksonville, Duval County, Florida, this 13th day of July, 1988.