KLEIN, Judge.
The question posed by this appeal is whether the court should have granted a mistrial because the prosecutor asked defendant if he made an incriminating admission against interest, defendant denied it, and the prosecutor did not subsequently prove it. We conclude that where the court is satisfied that the prosecutor has a good faith belief that the fact insinuated is true, the question is permissible.
Defendant, who was charged with second degree murder, admitted shooting and killing Brian Soini, but testified that the shooting was in self-defense. The killing occurred after defendant woke up during the night to find Soini attacking another person just outside his apartment. Defendant, with his pistol in hand, ordered Soini to stop. When Soini “reached for his belt,” which defendant allegedly mistook for a weapon, defendant shot him five times. Soini was not armed.
Much of the testimony presented related to the bad relationship between defendant and the victim, involving things the victim had done in the past. The state was relying on this testimony to refute defendant’s claim that the killing was in self defense. After defendant’s direct testimony, the prosecutor asked him: “Mr. Carpenter, isn’t it true that after you shot Brian Soini, you told David Jaworski that you shot [Soini] because you were sick and tired of the crap, that’s all?” Defendant responded “No, that’s not true.”
At the time he asked the question, the prosecutor was in possession of JaworsM’s written statement to the police which contained the comment, and defendant had obtained that statement through discovery.
*1168 The prosecutor asked the court for permission to approach defendant with a copy of the statement, and defense counsel then objected on hearsay grounds and moved for a mistrial, claiming “prosecutorial misconduct.” The court sustained the objection, denied the motion for mistrial, and instructed the jury that a question is not evidence and that the jury should not consider a question to which an objection is sustained.
The state did not, on rebuttal, call Jaworski or otherwise attempt to prove that Jaworski made the statement. Defendant, who was convicted of manslaughter, argues that the court should have granted his motion for mistrial based on Marrero v. State, 478 So.2d 1155 (Fla. 3d DCA 1985).
In Marrero the prosecutor cross-examined the defendant’s key witness about inconsistent statements which the witness had allegedly made, but which the prosecutor did not subsequently prove. In reversing for a new trial, the third district stated:
It is said, of course, that the predicate questions to impeachment must be asked in good faith, that is, with the intent and ability to later prove (if it is not admitted) that the witness gave some statement inconsistent with his or her present testimony. The reason that such proof must be forthcoming is because the predicate question — e.g., “Didn’t you tell me ... ?” or “Didn’t you say to so-and-so” — is itself testimonial, that is, the question suggests that there is a witness who can testify that such a statement was made. When this suggested witness is not actually called to give the impeaching testimony under oath, all that remains before the jury is the suggestion — from the question — that the statement was made. When that occurs, the conclusion that must be drawn is that the question was not asked in good faith, and that the attorney’s purpose was to bring before the jury inadmissible and unsworn evidence in the form of his questions to a witness.
Marrero, 478 So.2d at 1157. The Marrero conclusion, which is that if the proof is not forthcoming it necessarily follows that the question was not asked in good faith, was followed in Tobey v. State, 486 So.2d 54 (Fla. 2d DCA 1986), a case involving the same factual situation as the present case, i.e., the prosecutor asking the defendant whether he had made an incriminating statement to another person.
This court, in Greenfield v. State, 336 So.2d 1205 (Fla. 4th DCA 1976), was presented with the issue of whether the prosecutor could ask a character witness who was testifying about defendant’s reputation for truth and veracity, if he had heard that defendant had been arrested on different charges. In concluding that this was permissible, we held:
We also approve the procedure suggested in McCormick, Evidence, Section 191(d), (2nd Ed.1972), in dealing with the matter. Before permitting the prosecuting counsel to cross-examine the character witness on rumors of misconduct, arrests, charges or convictions, the trial judge should require the prosecutor to give his professional statement to the court, in the absence of the jury, that he has reasonable ground to believe, and does believe, that the misconduct charges arising out of arrests were actually committed by the defendant and that any convictions were actually pronounced. The trial court has wide discretion in determining what examination, if any, will be permitted. (Emphasis added.) Id. at 1207.
Although the questions in Marrero and Tobey asked if the defendant or a witness had made an incriminating statement to another person, and the question in Greenfield asked a character witness about whether he had heard about defendant’s arrest on a different charge, the questions were similar in that they insinuated damaging facts which were not subsequently proved. Professor Erhardt believes that the two types of questions are both governed by the same general principle, which is that they are permissible if counsel is in good faith. He disagrees with Marrero and Tobey, and concludes that Greenfield is correct:
Recently, two District Courts of Appeal have apparently added a new requirement to the use of prior inconsistent statements. In Marrero v. State, it was held for the first time that if a witness denies making *1169 the prior inconsistent statement, counsel must prove that the prior statement was made. The court interpreted the requirement, that counsel have a good faith basis before a question could be asked which impeaches the credibility of a witness, as requiring the actual introduction of the statement. These opinions did not cite other authority nor do they logically flow from the “good faith requirement.”... The logical result of the Marrero decision is to limit any cross-examination regarding credibility to situations in which counsel has “a witness-room full of witnesses prepared to give back-up testimony. Such an approach would unduly inhibit impeachment by imposing overwhelming burdens, delays, and expenses on showing good faith.”
Erhardt, Florida Evidence, § 608.4 (1995 Edition), citing Greenfield in footnote 34 as reflecting the correct view.
We adhered to Greenfield in Butler v. State, 376 So.2d 937 (Fla. 4th DCA1979), and quoted from the leading federal decision on this issue, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). In Michelson, after recognizing the dangers in allowing questions to character witnesses about rumors and gossip, the Court observed:
Wide discretion is accompanied by heavy responsibility on trial courts to protect the practice from any misuse. The trial judge was scrupulous to so guard it in the ease before us. He took pains to ascertain, out of presence of the jury, that the target of the question was an actual event, which would probably result in some comment among acquaintances if not injury to defendant’s reputation. He satisfied himself that counsel was not merely taking a random shot at a reputation imprudently exposed or asking a groundless question to waft an unwarranted innuendo into the jury box. (Footnote omitted.)
Michelson, 335 U.S. at 480-81, 69 S.Ct. at 221. See also United States v. Tolliver, 665 F.2d 1005, 1008 (11th Cir.1982) (citing the general rule which “allows questions tending to incriminate or degrade a witness only where ... counsel is in possession of some facts which support the belief that the witness committed the offense or degrading act to which the question relates”), and United States v. Fowler, 465 F.2d 664 (D.C.Cir.1972).
We therefore reject defendant’s argument, which he bases on Marrero and Tobey, that the prosecutor’s failure to prove the fact insinuated by the question means that the prosecutor was not acting in good faith.
In the present case, as we noted earlier, the court sustained defendant’s objection when the question was asked and instructed the jury that a question is not evidence. We cannot agree with defendant that the court should have granted defendant’s motion for mistrial made at that time because the fact insinuated by the question was not so prejudicial as to require a mistrial. Since defendant had admitting killing the victim, the only significant factual issue in this case was whether the killing was in self-defense, and there was abundant evidence of prior ill-will between defendant and the victim. In light of that evidence the court’s sustaining of the objection and instruction to the jury were sufficient, and the insinuation would not have warranted a mistrial.
Although we affirm, we reiterate what we said in Greenfield, which is that before asking the incriminating question, counsel should first give the court an opportunity to determine whether the question is proper, i.e., whether counsel is proceeding in good faith, since “wafting before the jury ... questions which have no basis in fact ... can be fatal to the defendant.” United States v. Nixon, 777 F.2d 958, 970 (5th Cir.1985).
Affirmed.
WARNER and POLEN, JJ., concur.