PER CURIAM.
Appellant challenges a circuit court order that denied his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
First, appellant seeks a belated appeal, claiming that his trial counsel failed to file a notice of appeal after he entered a plea of nolo contendere to a charge of battery on a law enforcement officer and was sentenced to seven years in prison. The trial court did not specifically address this issue in its order denying relief.
The trial court was without jurisdiction to address this matter, as Florida Rule of Appellate Procedure 9.140(j)(l) requires that petitions for belated appeals be filed in the district courts of appeal. Moreover, this Court cannot treat the motion as having been filed here pursuant to that rule, as the motion does not allege the date appellant entered his plea or the date he was sentenced; does not allege the dates of all previous proceedings; and does not allege that he timely requested his attorney to appeal, as required by Florida Rule of Appellate Procedure 9.140(j)(2)(A), (C) and (F). Thus, we affirm the trial court’s action in dismissing the motion. See, e.g., Robinson v. State, 393 So.2d 33 (Fla. 1st DCA 1981)(trial court’s order may be affirmed if it is sustainable under any theory revealed by the appellate record).
We also note that any subsequent motion by appellant would be time barred, as Florida Rule of Appellate Procedure 9.140(j)(3)(A) requires that all such motions be filed within two years after expiration of the time for filing a notice of appeal. While it is impossible to say with certainty when, exactly, appellant was sentenced, it appears that it was sometime during 1996.
Appellant raised a second issue below, predicated upon the principles of Ashley v. State, 614 So.2d 486 (Fla.1993), wherein he claimed that he was not informed of the consequences of his plea, specifically that he would not be eligible for gain time or any type of early release because of his sentence as a habitual offender. He alleged that, had he known of those consequences, he would not have entered the plea, and that, therefore, his plea was not knowingly entered. Appellant’s Ashley claim was facially sufficient, and nothing in the trial court’s order summarily denying it conclusively shows that appellant is entitled to no relief.
Thus, we remand to the trial court with directions that it either hold an evidentiary hearing on appellant’s Ashley claim, or that it attach to any subsequent order denying the motion excerpts from the record that conclusively show that appellant is not entitled to relief.
MINER, WEBSTER and LAWRENCE, JJ., CONCUR.