SALCINES, Judge.
Steven Duncan appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Duncan alleges that counsel was ineffective for failing to object to certain improper questions and arguments made by the prosecutor. We agree as to two of Duncan’s claims and reverse as to those.
First, Duncan alleges that counsel erred in failing to object when the prosecutor attempted to impeach Duncan’s alibi witness with a statement allegedly made by her husband during a deposition but never admitted into evidence at trial. Duncan complains that this error was compounded when the prosecutor, without objection, argued the husband’s deposition statement as evidence in his summation. We agree.
The prosecutor insinuated by his question to Duncan’s alibi witness that her husband had made statements which contradicted her testimony providing Duncan with an alibi for the time of the robbery. Although the witness denied knowledge of these statements, according to Duncan, the prosecutor failed to call the husband or to otherwise put his statements into evidence. This was error.
As this court has previously explained:
[T]he predicate questions to impeachment must be asked in good faith, that is, with the intent and ability to later prove (if it is not admitted) that the witness gave some statement inconsistent with his or her present testimony. The reason that such proof must be forthcoming is because the predicate question — e.g., “Didn’t you tell me ... ?” or “Didn’t you say to so-and-so” — is itself testimonial, that is, the question suggests that there is a witness who can testify that such a statement was made. When this suggested witness is not actually called to give the impeaching testimony under oath, all that remains before the jury is the suggestion — from the question — that the statement was made. When that occurs, the conclusion that must be drawn is that the question was not asked in good faith, and that the attorney’s purpose was to bring before the jury inadmissi *289 ble and unsworn evidence in the form of his questions to a witness.
Tobey v. State, 486 So.2d 54, 55 (Fla. 2d DCA 1986)(quoting Marrero v. State, 478 So.2d 1155, 1157 (Fla. 3d DCA 1985)); but see Carpenter v. State, 664 So.2d 1167 (Fla. 4th DCA 1995).
While the instant case involves a situation where the prosecutor attempted to contradict the witness’s testimony with a statement allegedly made by a third party rather than the witness’s own prior inconsistent statement, the same analysis applies. Here the prosecutor was allowed to suggest to the jury that there was a witness who would have refuted Duncan’s alibi without calling that witness to testify or subjecting him to cross-examination or impeachment.
Duncan alleges that the prosecutor then compounded this error by arguing the husband’s alleged statement as though it were evidence during closing argument. According to Duncan’s motion, the prosecutor made the following argument:
And I cross-examined her [Duncan’s mother] what her husband said at deposition. He said none of those people were there when his son was there. His son left before those people got there. His mom said the people got there at 8. So if the husband says he left before they got there that’s plenty of time to commit this crime at 8:3o.[1]
Even if the prosecutor believed that he had a good faith basis to ask the question, the above quoted argument was based on facts that were not introduced into evidence and was unquestionably improper. See, e.g., Ruiz v. State, 743 So.2d 1 (Fla.1999)(noting that counsel’s role during closing arguments is to assist the jury in analyzing the evidence, not to obscure the jury’s view with personal opinion, emotion, or non-record evidence); Eure v. State, 764 So.2d 798 (Fla. 2d DCA 2000) (reversing for a new trial based on ineffective assistance of counsel where counsel failed to object to improper prosecutorial argument which included arguing facts not in evidence).
Under the circumstances of this case where it appears that Duncan’s defense relied primarily on his alibi, we conclude that Duncan was prejudiced by counsel’s failure to object to this improper argument. See, e.g., Marrero, 478 So.2d 1155 (finding reversible error where prosecutor improperly impeached defense witness with an alleged prior inconsistent statement which she denied and then compounded the problem by arguing his insinuating questions as if they were evidence).
Duncan next argues that trial counsel erred in failing to object when the prosecutor argued to the jury in closing that Duncan had failed to call other friends and relatives who supposedly would have been able to substantiate his alibi defense. Although we conclude that the prosecutor could properly comment on Duncan’s failure to call these particular witnesses pursuant to Jackson v. State, 575 So.2d 181 (Fla.1991), if Duncan’s additional allegations are true, the prosecutor exceeded the bounds of proper argument.
Duncan alleges that the prosecutor concluded his argument by saying, “They [the alibi witnesses] didn’t come in because they can’t tell you that he was there on that day.” According to Duncan, there was no record evidence to support this assertion. This was improper. See, e.g., White v. State, 757 So.2d 542 (Fla. 4th DCA 2000)(holding that prosecutor compounded erroneous question as to whereabouts of possible defense witness by stating without record evidence that the reason the witness did not testify was because witness knew defendant was guilty and did not want to lie under oath). *290 We believe that Duncan has adequately alleged prejudice when this error is considered in conjunction with counsel’s failure to object to the other improper attack on Duncan’s alibi defense.[2]
We therefore reverse the summary denial of the motion on these two issues. In doing so, we feel compelled to repeat Judge Blue’s admonition that “[Tjrial attorneys must avoid improper argument if the system is to work properly. If attorneys do not recognize improper argument, they should not be in a courtroom. If trial attorneys recognize improper argument and persist in its use, they should not be members of The Florida Bar.” Luce v. State, 642 So.2d 4, 4 (Fla. 2d DCA 1994)(Blue, J., concurring).
On remand the trial court may again summarily deny the motion only if these claims can be refuted by record evidence. If they cannot, Duncan must be afforded an evidentiary hearing. We affirm the denial of Duncan’s remaining claims without comment.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and BLUE, J., Concur.

. The limited record before this court confirms that the prosecutor made this argument.

. The trial court denied this claim finding that counsel’s failure to object was a tactical decision. In support of this conclusion, the trial court attached a letter written by trial counsel that was not properly part of the court record. Reliance on this letter was erroneous. See Cintron v. State, 504 So.2d 795 (Fla. 2d DCA 1987). Moreover, nothing in the record conclusively demonstrates that counsel's failure to object was a strategic decision. We caution the trial court that a conclusion that counsel’s failure to object was a conscious tactical decision is rarely appropriate for summary denial but should instead be made after an evidentiary hearing. See Comfort v. State, 597 So.2d 944 (Fla. 2d DCA 1992).